612 NORTH MICHIGAN AVENUE BUILDING CORPORATION, Plaintiff-Appellee, *v.* FACTSYSTEM, INC., *et al.,* Defendants.—(JEFFERSON STATE BANK *et al.,* Defendants-Appellants.)

(No. 60210;

First District (3rd Division)—January 9, 1975.

*Rehearing denied February 6, 1975.*\*

---

\* This opinion was originally published in abstract at 25 Ill.App.3d 529.

Harry G. Fins and Teitelbaum, Wolfberg, Guild & Toback, both of Chicago, for appellants.

Ralph G. Scheu, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Plaintiff-appellee, 612 North Michigan Avenue Building Corporation, was awarded a judgment against defendants-appellants Jefferson State Bank and Bernard Feinberg in the sum of $38,835.02 by the circuit court of Cook County as a sanction under Supreme Court Rule 219(c) for appellants' noncompliance with the rules of discovery. The trial court also struck appellants' answer, denied appellants' motion to vacate the judgment, and sustained plaintiff's motion to strike appellants' supplemental petition. Appellants appeal from these orders, claiming that the trial court's actions were contrary to Supreme Court Rule 219(c) and constituted an abuse of discretion.

We affirm in part, reverse in part, and remand with directions.

The facts in this case may be summarized as follows. Plaintiff brought this action against defendant Factsystem, Inc., for nonpayment of rent under written leases. Plaintiff's complaint alleged that defendants Bernard Feinberg and Jefferson State Bank were liable for the rent by reason of their relationships with Factsystem. In their answer, Feinberg and the Bank denied liability. Discovery began on November 18, 1971, with an order for all three defendants to produce specific documents. All the documents were not produced, and on September 28, 1971 the court entered an order granting plaintiff's petition for the establishment of specific dates for the inspection of documents specified in the discovery order. On December 27, 1972, plaintiff petitioned the court for sanctions under Supreme Court Rule 219(c) inasmuch as all the items requested and ordered had not been produced. The matter was continued until January 15, 1973, at which time the court struck Factsystem's answer and entered judgment against it as a Rule 219(c) sanction. Factsystem has not appealed from this ruling. The court refused to enter a sanction against Feinberg and the Bank at that time, preferring to order compliance with the discovery order within ten days and the filing of affidavits of compliance by the remaining defendants. The cause was placed on the status call and was continued a number of times until September 20, 1973. At that time, the plaintiff informed the court of its intention to file written interrogatories and the court instructed the defendants that strict compliance with the Rules would be required. The interrogatories were served on October 17 and filed with the court the next day. Supreme Court Rule 213 provides that interrogatories must either be answered or objected to within twenty-eight days of service, but defendants failed to respond in accordance

with the rule. On the twenty-ninth day, November 16, 1973, plaintiff served a notice of motion upon defendants' attorneys and on November 20, the thirty-third day, plaintiff presented to the court a petition for Rule 219(c) sanctions against Feinberg and the Bank because they failed to respond to the interrogatories within the time allowed by Rule 213. The court granted plaintiff's motion, and on the next day signed an order which struck defendants' answer and entered judgment against Feinberg and the Bank. Later that day, November 21, defendants presented to the court a petition to stay entry of order which the court allowed to stand as a motion to vacate the judgment order. At the same time, after entry of the judgment, defendants presented unsigned draft answers to all but two of the twenty-eight interrogatories. Plaintiff responded to defendants' motion. Almost a month after the draft answers were presented, on December 17, defendants filed their completed answers to interrogatories without leave of court. On December 26 the court heard argument of counsel on defendants' motion to vacate the judgment order of November 21, 1973. After listening to arguments and reviewing the history of the case, the trial court stated to defendants in open court:

"* * * it may seem harsh, and you may believe it to be an abuse of discretion, but I have studied this file, and if ever the rules of discovery have been fractured, they certainly have been in this case. Now, the rules are made to be followed. If a litigant chooses to exercise his right under those rules, I think it is the Court's job to enforce them, and on that basis I am going to deny your petition."

Appellants' first contention on appeal is that the court's actions constituted an abuse of judicial discretion under the facts of the case. It is argued that the answers to interrogatories were only five days late when the court entered the judgment order of November 21, that the trial court had not entered an order compelling the answers to interrogatories; that all the answers to interrogatories were actually filed prior to the December 26 denial of defendants' motion to vacate the prior judgment and appellants conclude that the sanctions employed were too severe and constituted an abuse of judicial discretion.

Illinois Supreme Court Rule 219(c) provides that:

"If a party * * * unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

* * *

(v) that, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party  \*  \*  \*;  or

(vi) that any portion of his pleadings relating to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue."

■■■ Sanction orders under Rule 219(c) are to be imposed only, from the language of the rule, when the noncompliance is unreasonable and the order entered is just. (*Serpe v. Yellow Cab Co.* (1973), 10 Ill.App.3d 1, 293 N.E.2d 742.) We first consider the question of whether the defendants' noncompliance with the discovery rules was unreasonable. The standard in such cases is whether "the conduct of the offending party seems to have been characterized by a deliberate and pronounced disregard for the rule or order not complied with" (*Serpe v. Yellow Cab Co.* (1973), 10 Ill.App.3d 1, 5) or whether "the actions of the party show a deliberate contumacious or unwarranted disregard of the court's authority." (*Schwartz v. Moats* (1971), 3 Ill.App.3d 596, 599, 277 N.E. 2d 529.) In the instant case, the defendants failed to respond fully to the court's prior discovery orders concerning the production of specified documents and the filing of an affidavit of compliance upon completion of the acts ordered by the court. Furthermore, the defendants failed to respond to the interrogatories within the time allowed by rule after the court specifically cautioned and warned them to comply with the rule. Although defendants argue that the answers to the interrogatories were only five days late on November 21, that the court had not entered an order requiring the answers to the interrogatories, and that a sanction should not be entered for such a minor violation, we feel the trial court acted within its sound discretion in utilizing such a sanction. Rule 219(c) does not require a court to enter an order requiring a party to file answers to interrogatories prior to the court's imposition of a sanction upon the reluctant party. The defendants' five-day delay in presenting answers to the interrogatories may not in itself constitute a deliberate disregard of the court's authority, but taken in conjunction with the defendants' refusal to delivered certain specified documents over a two-year period is sufficient to show a pronounced disregard of the court's rules, orders, and authority, and an unreasonable noncompliance with the rules of discovery.

■■ Having determined that the noncompliance was unreasonable, we turn to the issue of whether the order was just. In light of the facts and circumstances of this case, we feel the order entered was just because there are sufficient indications that defendants were attempting to delay

the trial as much as possible, and would have continued to thwart discovery unless sanctions were entered.

Notwithstanding the propriety of the November 21 order, defendants appellants argue that the December 26 denial of their motion to vacate the earlier judgment order was error. Defendants point out that they had filed their answer to interrogatories in the interim period subsequent to the judgment order and prior to the hearing on December 26, arguing that the case could have proceeded to trial and the only purpose for the court's refusal to vacate the judgment order was to inflict a punishment upon the remaining defendants.

■■ The entry of a default judgment as a sanction under Rule 219(c) should be employed as a last resort in order to enforce the rules of discovery, yet should be set aside when a trial on the merits may be had without hardship or prejudice. (*Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill.App.2d 449, 243 N.E.2d 27.) Two cases demonstrate this rule. In *Gillespie,* the court ruled that the filing of answers to interrogatories after the entry of a sanction for failure to file the answers was sufficient to warrant vacatur of the sanction order of dismissal where the evidence showed a willingness to comply with the rules of discovery. Similarly, in *Gray v. Yellow Cab Co.* (1971), 1 Ill. App.3d 984, 273 N.E.2d 703, this court held that the filing of answers to interrogatories after the entry of a sanction order of dismissal was sufficient to warrant reversal where the opposing party was not prejudiced by the delay in filing, where the answers contained no information unknown to the opposing party, and the facts indicated a reasonable excuse for the delay.

■■ The facts in the instant case are distinguishable. The record shows that appellants had engaged in a program of deliberate defiance of the court's authority and the rules of discovery by attempting to stall all significant discovery for over two years. When defendants decided to comply with the discovery rules and orders, it did so only after the entry of the sanction order of November 21. We see no valid reason why the answers could not have been filed in a timely fashion. It is apparent that defendants presented their answers to interrogatories at the last possible moment, hoping to delay the proceedings even further by asking the court to reconsider its earlier order. Under these facts, the deliberate nature of defendants' noncompliance coupled with the unwarranted delay of trial to the plaintiff's prejudice indicate that the trial court did not abuse its discretion in refusing to vacate its prior sanction order under Rule 219(c).

Appellants' second contention on appeal is that the trial court erred

by not acting in conformance with the rule in *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill.2d 180, 226 N.E.2d 6, which has been incorporated in Supreme Court Rule 219(c). The rule in *Bua* is that pleadings may be stricken for the violation of a discovery order or rule "only when the stricken pleadings bear some reasonable relationship to the information withheld." (37 Ill.2d 180, 197.) Appellants claim that the interrogatories for which the sanctions were imposed related solely to the relationship between the three defendants, and were in no way related to the issue of liability or damages. It is submitted that the sanction of striking the defendants' answer and entering judgment on all issues far exceeded the proper sanctions under the rule. Plaintiff appellee's position is that the information sought in the discovery orders and the interrogatories related to the plaintiff's entire case and therefore judgment on all issues was proper.

■■ We feel the trial court acted properly in striking defendants appellants' answer as a sanction for failure to comply with the rules of discovery. The information withheld from discovery bore a reasonable relationship to the substantive merits of the defendants' defense, and such a sanction is appropriate under Rule 219(c).

■■ When the answer was stricken, the trial court proceeded as if there were no answer on file, and entered a judgment by default against defendants appellants. The sanction of entering such a judgment was approved by the court in *Schwartz v. Moats,* and we believe the trial court in the instant case acted correctly in proceeding to a judgment by default. Our concern, however, is that defendants appellants should be given the opportunity to have a trial on the amount of the damages because the default was concerned only with the issue of liability and not with the amount of the damages. (*People ex rel. General Motors Corp. v. Bua.*) The defaulted defendants have the right to be heard solely on the issue of damages. *Smith v. Dunaway* (1966), 77 Ill.App.2d 1, 6, 221 N.E.2d 665, 667.

The judgment of the circuit court of Cook County is affirmed as to the issue of liability, reversed as to the issue of damages, and the cause is remanded to the trial court for a hearing on the issue of damages.

Affirmed in part; reversed in part; and remanded with directions.

DEMPSEY and MEJDA, JJ., concur.