ROGER STEVENS, Plaintiff-Appellant, v. INTERNATIONAL FARM SYSTEMS, INC., Defendant-Appellee.

Second District   No. 77-84

Opinion filed January 19, 1978.

Joseph J. McGovern and Roger Stevens, both of St. Charles, for appellant.

Richard D. Shearer, of Shearer, O'Brien, Blood, Agrella & Boose, of St. Charles, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an interlocutory appeal, pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308), taken from an order imposing sanctions for failure to comply with discovery under Supreme Court Rule 219(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 219(c)).

On March 6, 1975, plaintiff-appellant, formerly employed as president and chief executive of defendant-appellee, filed an amended complaint consisting of three counts against defendant: count I for damages as a result of a breach of his employment contract with defendant; count II for rescission of a technology assignment agreement with defendant; and count III for injunctive relief to prevent the sale, disposition or liquidation by defendant of assets needed to satisfy counts I and II. In its answer filed April 8, 1975, defendant alleged as defenses under count I that plaintiff had been terminated for cause, and that plaintiff's employment contract had not been approved by the board of directors of defendant. Under count II, defendant denied that there was a breach of the technology assignment agreement or a condition thereof as a result of "the bad faith operation of the defendant's business" and consequent failure to pay plaintiff any consideration for said assignment or as a result of the breach of his employment contract.

On April 18, 1975, plaintiff filed and served on defendant 32 interrogatories and a demand for a bill of particulars, consisting of eight specific questions. On May 15, 1975, defendant filed a motion to strike the interrogatories and demand for the bill of particulars. On July 8, 1975,

that motion was denied and, on plaintiff's motion, an order was entered requiring defendant to answer plaintiff's interrogatories within 28 days. On August 28, 1975, still not having complied with the trial court's order, defendant's attorney filed a second motion to strike the interrogatories, to be heard on September 8, 1975. Thereupon, on September 4, 1975, plaintiff filed a motion for sanctions to be imposed upon defendant pursuant to Rule 219(c); this motion was also to be heard on September 8, 1975.

On September 8, 1975, when defendant's attorney failed to appear, the court heard argument by plaintiff's attorney and entered an order denying defendant's motion to strike the interrogatories, and debarring defendant from defending count I of the amended complaint, and taking a judgment by default in count II.

On October 6, 1975, defendant filed a motion to vacate the order of September 8, 1975. However, that motion was not noticed up for hearing until November 4, 1976. Prior to that date the case had been assigned to a different judge. On November 4, 1976, the motion was continued until November 12, 1976, as defendant's attorney was unprepared to proceed. On November 12, defendant's attorney failed to appear, and the court, after hearing arguments and testimony presented by plaintiff against defendant's motion, denied the motion. On November 19, 1976, defendant filed a motion to vacate the order of November 12, 1975, and a hearing on that motion was set for November 23, 1976. On November 23, the court vacated its order of November 12, 1976, and set all pending motions for hearing on December 3, 1976. It was not until December 22, 1976, however, that the court heard the arguments of defendant, plaintiff having submitted written authority. On January 6, 1977, the court entered an order vacating the order of September 8, 1975, imposing the default order in count II. This order made no mention of that portion of the September 8, 1975, order debarring defendant from defending count I of the amended complaint. This interlocutory appeal followed.

Rule 219(c) provides that:

"If a party * * * unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others the following:
* * *

(iii) that he be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense relating to that issue;
* * *

(v) that, as to claims or defenses asserted in any pleading to

which that issue is material, a judgment by default be entered against the offending party * * *." Ill. Rev. Stat. 1973, ch. 110A, par. 219(c).

■■ From the language of the rule, sanction orders under Rule 219(c) are to be imposed only when the noncompliance is unreasonable and the order entered just. (*612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 926, 340 N.E.2d 678, 682.) We consider first the question of whether defendant's refusal to answer the interrogatories was unreasonable. In *612 N. Michigan Avenue Building Corp.* the court stated:

"The standard in such cases is whether 'the conduct of the offending party seems to have been characterized by a deliberate and pronounced disregard for the rule or order not complied with' (*Serpe v. Yellow Cab Co.* (1973), 10 Ill. App. 3d 1, 5) or whether 'the actions of the party show a deliberate contumacious or unwarranted disregard of the court's authority.' (*Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 599, 277 N.E.2d 529.)" 34 Ill. App. 3d 922, 926, 340 N.E.2d 678, 682.

■■ In the instant case, defendant's attorney filed a motion to strike the interrogatories; when that motion was denied defendant was ordered to answer the plaintiff's interrogatories within 28 days. Instead, some 22 days after the expiration of the 28-day period, defendant's attorney filed a second motion to strike the interrogatories. In defense of the failure to comply with the court's order, defendant contended that the court did not give serious consideration to defendant's motion to strike before imposing sanctions; that a review of the interrogatories showed that plaintiff had all the information and material he was seeking through the interrogatories. Notwithstanding the fact that we find no basis in the record for this contention by defendant, clearly continued disobedience of the order of the court was not the proper course of action for the defendant to pursue. In our opinion the conduct of the defendant's attorney shows a pronounced effort to prolong this litigation by failing to request a hearing on his request to vacate the default order. Thus we find that defendant's refusal to answer the interrogatories to be an unreasonable noncompliance with the court's order and the rules of discovery.

■■ We now turn to the issue of whether the order imposing the sanctions was just. The entry of a default judgment as a sanction under Rule 219(c) should be employed as a last resort; it should be set aside when a trial on the merits may be had without hardship or prejudice. (*612 N. Michigan Avenue Building Corp.*) Here, the trial court debarred defendant from maintaining a defense in count I and entered a default judgment in count II. We find the penalties thus imposed on the defendant quite drastic considering that it was the conduct of the

defendant's attorney which led to the imposition of the sanctions. However, it is our firm opinion that strong sanctions are required here.

Therefore, we vacate the orders of January 6, 1977, and September 8, 1975, and remand for reconsideration of the motions leading to the above orders. A complete new hearing should be held before another judge to determine the proper sanctions to be imposed. In this connection the sanction could take the form of an order debarring the defendant as to certain defenses, or a default order or requiring defendant to pay plaintiff's attorney's fees and costs including this appeal occasioned by the defendant's failure to comply with discovery orders of the trial court.

Accordingly, the order appealed from is vacated; the September 8, 1975, order is vacated; and the cause is remanded to the trial court for proceedings consistent with the views expressed in this opinion.

Orders vacated and cause remanded.

NASH and BOYLE, JJ., concur.