AMBASSADOR INSURANCE COMPANY, Plaintiff-Appellee, *v.* WANDA
WILSON, Defendant-Appellant.

First District (2nd Division)   No. 78-349

Opinion filed October 24, 1978.

Robert S. Minetz, of Malato, Stein & Grossman, of Chicago, for appellant.

Van Emden, Busch and Van Emden, of Chicago (George J. Van Emden, of
counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the
court:

This appeal arises from an order entered by the circuit court of Cook

County, on January 13, 1978. Said order (1) allowed plaintiff's section 72 petition, (2) granted plaintiff leave to file, instanter, answers to defendant's interrogatories and supplemental interrogatories, (3) reinstated plaintiff's action on the trial calendar, and (4) required plaintiff to pay defendant and defendant's attorneys the sum of $200 for attorneys fees and expenses incurred in plaintiff's failure to comply with the rules of discovery. Defendant presently appeals only from that portion of the order which, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), vacated the dismissal of plaintiff's action and reinstated the case.

On July 15, 1976, plaintiff, Ambassador Insurance Company, as subrogee of Cynthia and Galen Hunt, filed a negligence action against defendants Wanda and Ollie Wilson. This action arose from defendants' alleged negligent operation of an automobile.

Plaintiff thereafter filed an amended complaint and on May 27, 1977, defendants filed a motion to strike and dismiss pliantiff's complaint for plaintiff's failure to comply with defendants' discovery requests. (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c).) Defendants' motion stated (1) that plaintiff had refused to answer interrogatories, (2) that plaintiff had failed to respond to a notice of deposition, (3) that plaintiff had failed to respond to a notice to produce, (4) that plaintiff had failed to respond to supplemental interrogatories, and (5) that plaintiff had failed to respond to letters requesting compliance with prior discovery requests.

On May 27, 1977, the circuit court of Cook County entered an order striking and dismissing plaintiff's amended complaint against Wanda Wilson, with prejudice, for failure to comply with defendants' discovery requests. The order also granted summary judgment in favor of Ollie Wilson, thereby removing Ollie Wilson as a defendant in the action.

Plaintiff, on August 4, 1977, then filed a petition to vacate the dismissal order pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). Through this petition plaintiff urged that it was now prepared to answer interrogatories which previously remained unanswered due to "the press of other matters" and a missing court file. On August 25, 1977, this petition was stricken by order of the circuit court.

The stricken section 72 petition was again considered by the circuit court and on September 6, 1977, defendant filed a motion to strike and dismiss plaintiff's section 72 petition. Through this motion defendant urged that plaintiff had no defense to defendant's May 27, 1977, motions; that plaintiff had failed to allege any facts constituting "due diligence"; that plaintiff's section 72 petition be stricken; and that defendant be awarded attorneys fees pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 41).

On January 13, 1978, the trial court entered the order which constitutes

the subject of this appeal. The order, *inter alia,* reinstated plaintiff's lawsuit pursuant to section 72 (Ill. Rev. Stat. 1977, ch. 110, par. 72) and directed plaintiff to pay defendant Wanda Wilson and her attorneys $200 due to plaintiff's failure to comply with the rules of discovery. (*Cf. Alswang v. Claybon* (1977), 53 Ill. App. 3d 961, 369 N.E.2d 104) (sanctions entered for failure to file answers to supplemental interrogatories).) Defendant-appellant appeals from the portion of the order which reinstated plaintiff's action.

Appellee has filed a motion to dismiss this appeal. Appellee, in its motion, urged that appellant has accepted the benefits of the order appealed from and, by reason thereof, is estopped to allege that said order was erroneous in any regard. The "benefit" to which appellee refers is the $200 award of attorneys fees. We note that the $200 check has not been presented for payment.

■■ Appellee's position is not persuasive. We do not agree that appellant is precluded from appealing that portion of the January 13, 1978, order which reinstated plaintiff's lawsuit merely because the award of attorneys fees inured to the benefit of appellant. The central effect of the January 13, 1978, order was the reinstatement of plaintiff's case on the trial calendar. The sanction portion of the order was not integral to the reinstatement of the case.

For these reasons, the abstract opinions cited as support for appellee's position (*Evaskus v. Neff, Kohlbusch & Bissell, Inc.* (1963), 40 Ill. App. 2d 416, 189 N.E.2d 542 (abstract); *Simons v. University State Bank* (1940), 307 Ill. App. 668, 31 N.E.2d 273 (abstract)), are not applicable to the case at bar. Neither of these cases considered situations in which a sanction was entered against a party.

We also note that the rule which appellee seeks to impose—that a litigant cannot attack a decree the benefits of which he has previously enjoyed—would only tend to apply if appellee would be placed at a distinct disadvantage upon reversal of the decision. (*Hancox v. Hancox* (1964), 54 Ill. App. 2d 476, 203 N.E.2d 613.) We fail to perceive any disadvantage. Consequently, the motion to dismiss the appeal is denied.

■■ The purpose of a section 72 petition is to bring before the court rendering judgment matters of fact not appearing of record which, if known at the time judgment was rendered, would have prevented its rendition. Section 72 is addressed to the equitable powers of the court and is primarily concerned with the prevention of injustice. A section 72 petition is addressed to the sound discretion of the trial court, and only when there is an abuse of discretion will a reviewing court interfere with the trial court's determination. *Department of Public Works & Buildings v. Vogt* (1977), 51 Ill. App. 3d 770, 366 N.E.2d 310.

The dismissal of plaintiff's action by the circuit court was premised

upon Illinois Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)). Rule 219(c) provides, in relevant part, that:

"If a party * * * unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including * * *, among others, the following:

(vi) that any portion of his pleadings relating to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue."

Sanction orders under Rule 219(c) are to be imposed only when the noncompliance is unreasonable and the order is just. (*Stevens v. International Farm Systems, Inc.* (1978), 56 Ill. App. 3d 717, 372 N.E.2d 424; *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 361 N.E.2d 36; *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 340 N.E.2d 678.) The record before us clearly reflects that plaintiff was not prepared to answer interrogatories until August 4, 1977, the date upon which the section 72 petition was filed. This intent to answer interrogatories appears only after the sanction order of May 27, 1977, was entered. Furthermore, we note that plaintiff's section 72 petition failed to evidence an intent to respond to defendant's notices of deposition and production.

We also note that plaintiff's section 72 petition referred to "the press of other matters" as an excuse for plaintiff's failure to answer interrogatories. "The press of other matters" are words incapable of precise definition. All attorneys suffer "the press of other matters." We see no valid reason why plaintiff could not have responded to all discovery requests in a timely fashion.

The record before us reflects the deliberate nature of plaintiff's noncompliance with defendant's discovery requests. Plaintiff's section 72 petition does not offer any justification for such noncompliance. Consequently, the trial court erred when it reinstated plaintiff's action. Therefore, the cause is reversed and remanded with directions to vacate that portion of its January 13, 1978, order which reinstated plaintiff's cause of action.

Reversed and remanded with directions.

DOWNING and BROWN, JJ., concur.