JAMES R. HOLZMILLER, Plaintiff-Appellant, *v.* CLARK EQUIPMENT COMPANY, Defendant-Appellee.

First District (3rd Division)    No. 79-1775

Opinion filed September 30, 1981.

James J. Reidy, Ltd., of Chicago, for appellant.

Judith E. Fors, of The Law Offices of Thomas J. Keevers, of Chicago, for appellee.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, James R. Holzmiller, filed a product liability case against defendant, Clark Equipment Company. Plaintiff[1] appeals from an order dismissing the suit because of plaintiff's failure to comply with discovery, and from subsequent orders refusing to vacate the dismissal order, refusing to allow interrogatories to be signed by plaintiff's employer's insurance company, and refusing to allow the filing of an amended complaint substituting plaintiff's employer's insurance company as the plaintiff. We reverse and remand.

On July 20, 1978, defendant filed written interrogatories directed to plaintiff and a request for production and a notice of deposition for plaintiff. On June 18, 1979, defendant filed a motion to dismiss for plaintiff's failure to comply with the discovery rules, and on July 2, 1979, the court dismissed the action. Plaintiff filed a written motion pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 50(5)) on July 6, 1979, asserting that plaintiff's counsel was not present at the July 2, 1979, hearing due to an inadvertent clerical error made in the office docket; that plaintiff, an employee of Underwriters Laboratory, Inc., had received workmen's compensation benefits paid by his employer's insurer, Employers Insurance of Wausau; that the attorneys for plaintiff "have heretofore been unable to obtain the signature of James R. Holzmiller" on answers to interrogatories; and that answers to interrogatories had been prepared and signed by Employers Insurance of Wausau, subrogee of plaintiff. On July 27, 1979, the court denied plaintiff's motion; the court also denied a motion of plaintiff for leave to file answers to interrogatories signed by Employers Insurance of Wausau.

On August 1, 1979, plaintiff filed a motion to reconsider the court's ruling on the motion to vacate, which was supported by affidavit. The motion stated that the action had been filed in the name of James R. Holzmiller pursuant to section 5 of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.5(b)) because of the failure of Holzmiller

---

[1] Although the appeal is being taken by the plaintiff, it is apparent that the real party in interest is plaintiff's employer's insurance carrier.

to institute a proceeding against Clark within 3 months before the date upon which the action would have been barred by the applicable statute of limitations; and that plaintiff's attorneys had made diligent efforts to attempt to have Holzmiller sign interrogatories, but Holzmiller could not be persuaded to change his decision not to proceed with prosecution of the cause of action. In support of this motion, a letter signed by plaintiff, dated September 24, 1978, was attached. The letter is addressed to plaintiff's counsel, and it states that plaintiff did not desire the suit to proceed with him as plaintiff. Also on August 1, 1979, plaintiff filed a motion to allow plaintiff's answers to interrogatories to be signed by a claims supervisor for Employers Insurance of Wausau, and a motion for leave to file an amended complaint instanter and to substitute Employers Insurance of Wausau as plaintiff and subrogee of James R. Holzmiller. These motions were denied on August 1, 1979.

On August 14, 1979, plaintiff filed a written motion to vacate the orders of July 2, 1979, July 27, 1979, and August 1, 1979. This motion was denied on August 14, 1979. On August 24, 1979, plaintiff filed a notice of appeal from the orders entered on July 2, 1979, July 27, 1979, August 1, 1979, and August 14, 1979.

■■ Plaintiff's first contention is that the dismissal order was an abuse of discretion because there was no showing that the failure to comply with the discovery procedures was unreasonable. The sanction of dismissal under Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)) is to be imposed only when the order is just and noncompliance is unreasonable, *i.e.*, when the noncompliance may be construed as a deliberate and pronounced disregard for the rule or order not complied with. (*Stegmiller v. H.P.E., Inc.* (1980), 81 Ill. App. 3d 1144, 401 N.E.2d 1156.) Here, the record demonstrates the express refusal of plaintiff to cooperate with the discovery procedures. Plaintiff took the position, as set forth in the plaintiff's letter dated September 24, 1978, that the suit was unauthorized and he would not cooperate. Under these circumstances, it was impossible for defendant to obtain the full benefit of discovery. There is nothing in the record to suggest that plaintiff would change his mind and cooperate with the discovery procedures. Under the circumstances, the dismissal order was appropriate since defendant was denied any possibility of meaningful discovery in light of the position taken by plaintiff and set forth in his letter to counsel. Dismissal was a proper sanction under these circumstances. Compare *Ambassador Insurance Co. v. Wilson* (1978), 65 Ill. App. 3d 418, 382 N.E.2d 605.

■■ Plaintiff also contends that the court should have allowed the answers to interrogatories submitted to plaintiff to be signed by an agent of the insurance company. Allowing a claims agent of the insurance company to sign the interrogatories is not an appropriate substitute for defendant's

right to have answers to interrogatories signed and sworn to by the plaintiff. (See Ill. Rev. Stat. 1977, ch. 110A, par. 213; see also *McNealy v. Illinois Central R.R. Co.* (1963), 43 Ill. App. 2d 460, 471-72, 193 N.E.2d 879, 886.) Therefore, this contention is without merit.

Next, plaintiff argues that the trial court erred in denying leave to file an amended complaint substituting Employers Insurance of Wausau as plaintiff and subrogee of Holzmiller. The applicable statute for bringing such an action by an employer's insurance company provides that in the event the employee or his personal representative fails to institute a proceeding against a potentially liable third person at any time prior to three months before such action would be barred, the employer in his own name or in the name of the employee or his personal representative may commence a proceeding against such other person for the recovery of damages. (Ill. Rev. Stat. 1977, ch. 48, par. 138.5(b).) Thus, Employers Insurance of Wausau had a statutory right to commence this action for the recovery of damages against Clark.

■■ We do not believe the legislature intended that this statutory right of action would be precluded where a suit is commenced by an employee or in his name and the employee dismisses or causes the action to be dismissed after the time period for filing the action has expired. We conclude that if the action is dismissed after the time period for filing the suit has expired, the employer or his personal representative may move to vacate the dismissal before it becomes final and substitute the employer or his personal representative as plaintiff. As a result, in the present case, we believe that the trial court should have vacated the dismissal and allowed the motion for leave to file an amended complaint substituting Employers Insurance of Wausau as plaintiff.

Accordingly, the dismissal order is reversed, the order denying leave to file an amended complaint substituting Employers Insurance of Wausau is reversed and the case is remanded for proceedings consistent with what is stated herein.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.