PAUL M. NEHRING, Plaintiff-Appellant, v. FIRST NATIONAL BANK IN DeKALB, Defendant-Appellee.

Second District   No. 85—0192

Opinion filed May 21, 1986.

Christopher A. Hansen and Andrew R. Laidlaw, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Charles R. McKirdy, of Pope, Ballard, Shepard & Fowle, Ltd., of Chicago, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

This is an appeal from the circuit court order dismissing the action because of plaintiff's failure to comply with discovery rules and the court orders. The underlying action was plaintiff's suit to recover damages occasioned by an alleged breach of duty by defendant bank in connection with the sheriff of De Kalb County's execution on certain property that plaintiff had stored at the bank.

The plaintiff, Paul M. Nehring, filed a suit against First National Bank in De Kalb on February 15, 1983, in the circuit court of De Kalb County, Illinois. The plaintiff sought damages and other relief for the loss of his personal property which was caused by the bank. Specifically, plaintiff alleges that over a period of approximately 10 years, he accumulated pre-1965 United States silver coins in denominations of quarters and dimes. He had these silver coins sorted, counted and placed in 110 bags consisting of $1,000 in face value each. He had these bags stored in the vaults of the defendant bank. These coins were allegedly worth far more than their face value of $110,000. The bank became the respondent to a garnishment, levy and execution served upon it by the sheriff of De Kalb County in reference to the plaintiff. The garnishment, levy and execution were issued by the clerk of the court for De Kalb County, pursuant to a proceeding by John D. Raikos in the circuit court of De Kalb county, to register a default judgment in the amount of $128,114.41 obtained against plaintiff in Indiana. Pursuant to the execution and levy, defendant bank was requested by Mr. Raikos to deliver plaintiff's personal property in sufficient amount to satisfy the $128,114.41 judgment. The defendant bank turned over 110 bags of the silver coins to Mr. Raikos and the sheriff. The default judgment obtained by Mr. Raikos against plaintiff was subsequently vacated and Mr. Raikos was ordered to return the several coins to the bank. Mr. Raikos refused to do so, having sold the coins for $636,000.

In mid-February, the plaintiff filed a one-count complaint in the circuit court of De Kalb County against the First National Bank in De Kalb. Plaintiff's complaint accused defendant bank of converting these coins. On March 19, 1983, defendant answered the complaint, and served plaintiff with a request for documents and a notice of plaintiff's deposition for April 25, 1983. Item number one of defendant's request for documents sought production of "any and all documents which relate in any manner whatsoever to the United States silver coins at issue in this case."

On April 15, 1983, with plaintiff's approval, plaintiff's attorney moved to withdraw from this case. That motion was granted on April

18, 1983. Plaintiff's deposition did not go forward on April 25, 1983. On April 18, 1983, June 7, 1983, July 1, 1983, and July 28, 1983, defendant's counsel wrote to plaintiff informing him that his response to defendant's document request was overdue and requested plaintiff to respond with regard to the scheduling of his deposition. Plaintiff never responded to any letter.

On September 1, 1983, plaintiff telephoned defendant and informed him that he was attempting to secure the services of an attorney. At that time, defendant advised plaintiff that if plaintiff was not prepared to proceed with the discovery within the next 30 days, defendant would move to dismiss. The telephone conversation was memorialized in a September 1, 1983, letter from defendant to plaintiff.

Having heard nothing from plaintiff, defendant, on October 12, 1983, wrote to plaintiff and informed him that if by October 31, 1983, plaintiff did not provide the documents that defendant had requested, defendant would move to dismiss.

On October 31, 1983, plaintiff filed a reply to defendant's request for production of documents. In that reply, plaintiff refused to produce any documents to defendant. With regard to defendant's first request, plaintiff stated that "documents relating to the silver coins would have to be obtained from the First National Bank in De Kalb." Plaintiff made no response to defendant's attempts to reschedule his deposition.

On November 10, 1983, defendant moved to dismiss this action for want of prosecution. The trial judge continued the motion to December 8, 1983, in order that plaintiff might obtain the services of an attorney. Two days before the rescheduled hearing, plaintiff filed a *pro se* motion for a change of venue on the ground that all the judges in De Kalb County had disqualified themselves in an earlier case involving plaintiff and defendant.

On December 8, 1983, plaintiff did not appear at the hearing on defendant's motion to dismiss. On December 12, 1983, the judge entered an order continuing defendant's motion to dismiss and transferred the case to the chief judge of the Sixteenth Judicial Circuit for reassignment and scheduling. On February 1, 1984, the chief judge reassigned the case to Judge Melvin E. Dunn of the circuit court of Kane County.

On March 20, 1984, the judge denied defendant's motion to dismiss and ordered plaintiff, who had retained new counsel, to appear for his deposition at a mutually convenient time. He also granted plaintiff leave to withdraw his October 31, 1983, response to defend-

ant's first request for documents and gave him 14 days to respond to that request.

On about April 3, 1984, plaintiff filed a response to defendant's first request for documents. In that response, plaintiff declared that he would "produce all documents in response to request number 1." Plaintiff thereafter produced some documents for inspection and copying.

On May 1, 1984, over defendant's objection, the judge granted plaintiff leave to file a four-count amended complaint. The allegations in the amended complaint, like those in plaintiff's initial complaint, centered on plaintiff's claim that he had stored $110,000 in United States silver coins in the First National Bank in De Kalb. In the amended complaint, however, he claimed that the bank had breached a duty to him when the claims were executed upon by the sheriff pursuant to court order.

On May 1, 1984, defendant asked plaintiff's counsel when plaintiff would be available to his deposition. Plaintiff's counsel replied he would check with plaintiff and would contact defendant. On May 4, 1984, defendant again asked plaintiff's counsel when plaintiff would be available for his deposition. Plaintiff's counsel replied he was encountering some difficulties in communicating with his client. On May 17, 1984, after defendant had heard nothing from plaintiff concerning the scheduling of the deposition, defendant wrote a letter to plaintiff's attorney requesting possible dates for plaintiff's deposition. No response was made.

On June 15, 1984, defendant filed a new motion to dismiss for want of prosecution based upon plaintiff's refusal to make himself available for his deposition as required by the trial court's order of March 20, 1984. The motion was set for hearing on June 19, 1984. On June 18, 1984, at 7:30 p.m., plaintiff telephoned defendant and informed him that plaintiff would finally agree to set a date for his deposition. Defendant withdrew its motion to dismiss.

On July 25, 1984, plaintiff was deposed. He again produced some documents which he had already given to defendant. At the deposition, plaintiff was questioned by defendant's counsel:

"Q. When did you first putting coins in the First National Bank [in De Kalb] the silver coins?

A. I don't recall offhand. I just had a box full of stuff [stolen from me] which covered a lot of transactions in the First National Bank.

Q. When was this box stolen?

A. I just found out about that about a week ago, ten days

ago.

\* \* \*

Q. Mr. Nehring, when was this material stolen?

A. I don't know. It was probably within the year or so. I don't think I had that particular vault open for roughly a year.

Q. What were these papers relating to?

A. The activities of silver going to the First National Bank.

Q. Did they relate to the $110,000 that is in issue in this case?

A. Well, I can't say that exactly—Yes, they did relate to it.

Q. Mr. Nehring, you were served with a document request. Why didn't you produce these?

A. Pardon?

Q. You were served with a document request in this case. Why didn't you produce these?

A. Because the—they weren't important."

On October 1, 1984, defendant filed a motion to dismiss the amended complaint pursuant to Supreme Court Rule 219(c) (87 Ill. 2d R. 219(c)) because of plaintiff's unreasonable, repeated and deliberate refusals to comply with the discovery rules of the Illinois Supreme Court and the orders of the circuit court. This motion was extensively briefed by both sides. Defendant's principal argument was that he had been prejudiced by plaintiff's failure to produce certain documents which had allegedly been stolen and are no longer capable of being produced. He also argued that plaintiff's conduct in failing to cooperate was abusive of the judicial system.

On November 19, 1984, the judge heard arguments and granted defendant's motion and dismissed the amended complaint with prejudice. The judge found that defendant had been prejudiced by plaintiff's conduct with regard to the missing documents, and that the history of the case demonstrated that this behavior was "just a final step in a long series of steps by Mr. Nehring in abusing the court system."

On December 13, 1984, plaintiff moved for reconsideration and to set aside the order entered November 19, 1984. The judge held a hearing on plaintiff's motion and the question was briefed by both sides. On February 5, 1985, the judge denied plaintiff's motion for reconsideration. Plaintiff appeals from the court order.

Supreme Court Rule 219 states "If a party \*\*\* unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter \*\*\* such orders as are just \*\*\*" (87 Ill. 2d R. 219(c)). A trial court is vested with wide discretionary powers in pre-

trial discovery matters. (*Servbest Foods, Inc. v. Emessee Industries, Inc.* (1980), 82 Ill. App. 3d 662, 678.) Sanctions can only be disturbed where a party's conduct has not been found to be unreasonable or where the sanction itself is unjust. *Stegmiller v. H.P.E., Inc.* (1980), 81 Ill. App. 3d 1144.

■ The plaintiff's first argument is that his alleged noncompliance of discovery rules was not unreasonable on four grounds: (1) the defendant's discovery request was overbroad; (2) documents not produced cannot be produced because they were stolen, therefore he has fully complied; (3) the stolen documents are not material; and (4) plaintiff's acts were not a deliberate and pronounced disregard of the rules and orders of the courts.

Plaintiff first contends that defendant's discovery request was overbroad. In *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, the defendant General Motors filed a writ of *mandamus* against Nicholas J. Bua for Judge Bua's entry of a default judgment for failure to produce documents in violation of a court order. The court order called for defendant to produce all documents relating to the design of the Corvair automobile for the model years 1960 through 1965. In vacating the default judgment, the Illinois Supreme Court noted the production order was a catchall demand for production of documents without the slightest degree of specificity. (37 Ill. 2d 180, 194.) The supreme court pointed out that avoiding production orders which lacked specificity would enable the parties to know exactly what documents should be produced. The plaintiff argues that the facts in the instant case are more compelling for a reversal of dismissal than in *Bua*.

Plaintiff also relies on *Monier v. Chamberlain* (1966), 66 Ill. App. 2d 472, *aff'd* (1966), 35 Ill. 2d 351. In *Monier*, the plaintiff filed two motions to compel discovery from the defendant and the trial court entered an order requiring defendant to produce documents for inspection and copying. The order compelling production specifically set forth categories of documents to be produced including:

> "5) All written statements of witnesses, whether signed or unsigned, obtained by agents, employees or other personnel of the Country Mutual Insurance Company obtained prior to the employment of Eugene H. Rennick, Jr., Attorney at Law, Toulon, Illinois, or Robt. A. Barnes, Attorney at Law, Lacon, Illinois, attorneys for the defendant in the cause." 66 Ill. App. 2d 472, 477.

The Illinois Appellate Court held this request to have been overbroad, stating: "Where a request is made for 'all written statements' as or-

dered in paragraph 5 there is nothing therein contained which even limits such statements to the immediate cause of action." (66 Ill. App. 2d 472, 487.) We note that the defendant's request for "any and all documents which relate in any manner whatsoever to the United States silver coins at issue in this case" limits such documents to the immediate cause of action.

The specificity requirement relating to discovery requests exists for two purposes: (1) to provide a reasonable description of the items requested, enabling those from whom discovery is sought to know what is being demanded of them; and (2) to aid the trial court in ascertaining whether the requested material is exempted or privileged from discovery. (*Monier v. Chamberlain* (1966), 35 Ill. 3d 351, 356.) The Illinois Supreme Court stated that what would suffice as a reasonable description might well vary from case to case depending upon the circumstances. (35 Ill. 2d 351, 356.) *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, is distinguishable on the facts. The court noted the records sought for each year were voluminous and their production would require substantial expense, labor, and a certain degree of business disruption. (37 Ill. 2d 180, 193-94.) The court concluded that "[w]hile flexibility is necessary in discovery, due process requires that production orders be sufficiently specific to inform a person of his obligation thereunder ***." (37 Ill. 2d 180, 195.) In the instant case, no portion of the discovery request is described so inadequately as to leave plaintiff with any real uncertainty regarding what is and what is not included. (See *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 356.) Nor would this request have required the business disruption and expense as resulted in *Bua*.

■ Plaintiff's second contention is that the documents have not been produced and cannot be produced because they were stolen. Plaintiff points out that he has produced documents on more than one occasion to defendant, and has given his deposition in this proceeding. On May 4, 1984, plaintiff produced to defendant all documents relevant to the issues in this case. He further produced these documents a second time at his deposition scheduled for July 25, 1984. On July 25, 1984, plaintiff appeared at the offices of defendant's attorney for deposition. Relying on these facts, plaintiff contends that his actions have been reasonable. Plaintiff contends he did not originally produce the stolen documents because he did not believe his ownership of the coins was an issue in this case.

The plaintiff, at worst, made an error in judgment in determining certain documents need not have been produced. Plaintiff then himself disclosed the existence of these documents to defendant during

the course of his deposition. He construes *Bejda v. SGL Industries, Inc.* (1979), 73 Ill. App. 3d 484, to stand for the principle that if plaintiff has complied with all court orders concerning discovery, albeit belatedly, a dismissal order is inappropriate. He explains that the belatedness of his compliance is not due to disregard for court orders, but to various circumstances which were beyond his control. After hearing arguments on defendant's motion to dismiss for want of prosecution, the trial court determined there was no basis to dismiss the case as of March 20, 1984. At that point in time, the trial court gave plaintiff leave to file an amended response to the production request, and ordered plaintiff to appear for his deposition on "a mutually convenient date sometime after April 21, 1984." After promptly filing an amended response, plaintiff produced on two separate occasions, all documents he viewed as called for by the request, and he appeared on July 25, 1984, for his deposition.

With regard to plaintiff's second contention, we find the record absent any finding by the trial judge that the documents in question were not stolen. There has been no finding of fraud, or secretion or destruction of evidence. While suspicion is apparent, the lack of any finding leads us to accept plaintiff's characterization of the documents as stolen. In light of this, it would appear that plaintiff's compliance with defendant's discovery request No. 1 is as complete as possible. His compliance was belated. Some sanctions were in order for his many refusals to comply. But, selecting the most severe sanction for belated compliance where the documents had been stolen and where the party has tendered all the documents which exist and are in his possession after the party has been deposed is harsh. In *Wach v. Martin Varnish Co.* (1981), 96 Ill. App. 3d 954, the Illinois Appellate Court was confronted with a trial court's decision to issue sanctions for an appellant's belated compliance with discovery orders. The trial court ordered appellant to pay appellee's attorney $1,000 or suffer a default judgment. Appellant argued that the discovery orders had been fully complied with by the time the court heard appellee's motion for sanctions, and therefore the trial court abused its discretion by ordering him to pay attorney fees. (96 Ill. App. 3d 954, 955.) The appellate court disagreed, noting, "While dismissal may be an inappropriate sanction where there is eventual compliance, we believe it is proper under Rule 219(c) to award attorney's fees incurred as a result of defendant's failure to comply with discovery rules and orders even where the defendant eventually complies with discovery." (96 Ill. App. 3d 954, 957.) This is a reasonable policy and conforms with the view that substantial justice be done to all parties. Where a party refuses

to comply, dismissal may be warranted, but after compliance, it is too harsh a remedy. Once discovery has been fully complied with, albeit belatedly, a trial on the merits can be had with other sanctions applied.

■ Plaintiff's third contention is that the documents are immaterial. In *Ideal Plumbing Co. v. Shevlin-Manning, Inc.* (1981), 96 Ill. App. 3d 207, the court held that it would gauge a party's noncompliance to discovery with the relative importance of the undisclosed information. Plaintiff sets forth two reasons for his argument that the missing documents are unimportant: (1) they would not have been probative of any issue in the case, and (2) even if they were found to be probative, they would have been cumulative only. Plaintiff characterizes the documents as receipts and invoices received from the various banks and smelting companies as plaintiff originally purchased the coins. They would have shown only the face value price paid by plaintiff for comingled silver and clad coins as he purchased them. The documents would have demonstrated that plaintiff paid face value for thousands of coins, which he later claimed, he segregated into silver and clad lots. He stored the silver lots with the defendant, and sold the clad lots. The documents apparently did not show the quantities of silver coins, nor their dates, nor their appreciated value. Further, plaintiff claims that defendant admits to storing plaintiff's 110 bags of coins each with a face value of $1,000. Plaintiff contends that it is *his* burden to prove that the bags contained silver coins and that the stolen documents could not have established that. Finally, plaintiff has tendered a mass of documents and affidavits which he claims support his contention that all the coins within the bags were silver.

Defendant responds that they never admitted that the bags contained pure silver coins. Defendant contends that without the documents, it is impossible to say exactly what the defendant might have learned from them and it is reasonable to suppose that the documents contained information which would be detrimental to plaintiff. The documents must have contained evidence as to what plaintiff purchased, from whom he purchased it, when he purchased it, and the price that he paid for it. Defendant alleges these facts could be critical in the case, but does not demonstrate how. Defendant notes the description of the missing documents in plaintiff's brief is that the documents were receipts and invoices received from the various banks and smelting companies where he purchased the coins. This is inconsistent with his deposition testimony when plaintiff stated: "a lot of transactions in the First National"; "the activities of silver going to the First National Bank."

In *Ideal Plumbing Co. v. Shevlin-Manning, Inc.* (1981), 96 Ill. App. 3d 207, the appellate court affirmed the trial court's sanction of barring certain critical exhibits as a discovery sanction after the appellants claimed they inadvertently neglected to give them to appellees. The court determined that the exhibits were important and that the failure to disclose was unreasonable. (96 Ill. App. 3d 207, 210.) The court noted that if the exhibits were not so important, and were merely foundational or cumulative, their exclusion would not have been prejudicial. "The test *** does not rest upon whether the failure was intentional or inadvertent. The test is how important the undisclosed information is." (96 Ill. App. 3d 207, 210.) In the instant case, the trial court failed to make a specific finding as to the degree of importance of these missing documents. The trial judge, defendant and plaintiff all concur that these documents relate to plaintiff's ownership of the coins in controversy. Our reading of the record and pleadings leads us to conclude that ownership is not in issue in this case. Defendant has admitted to having in its possession 110 bags of coins each having a face value of $1,000. Further, the missing documents would not tend to prove or disprove the contents of these bags because they reflected bulk purchases which were made prior to a segregation of the coins. *Bauter v. Reding* (1979), 68 Ill. App. 3d 171, 175, states that for purposes of discovery, relevancy is determined by reference to the issues. Generally something is relevant if it tends to prove or disprove something in issue. (68 Ill. App. 3d 171, 175.) We conclude that the documents are immaterial and therefore not important for the purpose of gauging plaintiff's conduct as reasonable or unreasonable.

█ Plaintiff's final argument is that his conduct cannot be found to be unreasonable because his acts did not demonstrate a deliberate and pronounced disregard of the rules and orders of the court. Plaintiff notes that the traditional standard by which a party's conduct is determined to be unreasonable is whether the conduct of the offending party has been characterized by a deliberate and pronounced disregard for the rule or order not complied with, or whether the actions of the party show a deliberate contumacious and unwarranted disregard of the court's authority. (*612 N. Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 926 (and cases cited therein).) Plaintiff claims to have produced all the documents in his possession and appeared for his deposition. He contends his failure to produce the stolen documents does not depict a deliberate and pronounced disregard for the rules of the court because (1) he did not believe he was required to produce the documents relating to his pur-

chase of the silver coins; (2) he did not believe his purchase and ownership were at issue in this case; (3) he paid face value for the coins; (4) the documents only showed the purchase of quantities of dimes and quarters, both silver and clad; and (5) the defendant admitted plaintiff stored "bags each labeled $1,000 in quarters or $1,000 in dimes, in the vaults of the bank and that said bags appeared to contain coins."

Defendant contends that plaintiff's improper action with regard to the missing documents should not be viewed in a vacuum. This was another step in a course of conduct which demonstrated a deliberate contumacious disregard for the rules of discovery of the supreme court and of the orders of the circuit court. Reiterating the facts in the case which demonstrated continual noncompliance from the outset, defendant summarizes that it took plaintiff over a year, after a half dozen written requests, uncounted telephone calls, two motions to dismiss and a court order before the plaintiff finally agreed to even appear for his deposition. The trial judge specifically found plaintiff's behavior to be offensive, stating: "Mr. Nehring has demonstrated his exercise of his 'rights' in a manner which is offensive to this Court and the system of justice it is sworn to uphold. *** Mr. Nehring has flaunted those [discovery] rules. His able counsel argues the matters are trivial. The observations of this Court, both prior to and subsequent to the entry of Mr. Hansen [plaintiff's counsel] in the case, are to the contrary. Mr. Nehring has ignored rules, orders and even the demands of fundamental courtesy."

The case of *612 N. Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 926, states the test as to a party's conduct. Plaintiff's conduct throughout the pretrial stage of this controversy has indeed been characterized by an attitude which demonstrates disregard for our judicial system. Mr. Nehring was barred from filing *pro se* pleadings in a case pending in De Kalb County court some 10 years ago. He is familiar with the courthouse and rules, having been involved in over 20 lawsuits, many of which were *pro se.* The record reflects a wealth of material denoting plaintiff's inexcusable behavior. The trial judge's finding as to plaintiff's conduct was amply supported by the evidence.

Plaintiff's second major argument is that even after a court has determined that a party has not reasonably complied with discovery, and some sanctions are appropriate, the sanctions entered must be "just." (*White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025; *In re Estate of Fado* (1976), 43 Ill. App. 3d 759.) The appropriate sanction for an unreasonable compliance with discovery rules is within the

discretion of the trial court; a just order imposing sanctions for failure to comply with discovery is one which, to the degree possible, insures both discovery and trial on the merits. (*Serpe v. Yellow Cab Co.* (1973), 10 Ill. App. 3d 1.) The purpose of providing sanctions for failure to comply with discovery rules is to promote the flow of discovery and not to punish a dilatory or noncomplying party. (*Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1980), 86 Ill. App. 3d 888, 890.) The Illinois courts have determined that dismissal with prejudice is: (1) a drastic punishment which the courts are reluctant to impose (*In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 763); (2) to be employed only as a last resort in order to enforce the rule of discovery (*Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1980), 86 Ill. App. 3d 888, 891); (3) an inappropriate sanction where a trial on the merits can be had without hardship or prejudice (*White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 1029; *Stevens v. International Farm Systems, Inc.* (1978), 56 Ill. App. 3d 717, 720).

Plaintiff contends there will be no surprise evidence used against a defendant, no hardship or prejudice to defendant for the nonproduction of the documents which have been stolen. Plaintiff reiterates that the stolen documents are unimportant and do not prove any disputed fact which is favorable to his claim.

In *Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, the trial court entered a default judgment against the defendant for failing to produce at trial certain documents and witnesses requested by the plaintiff five weeks prior to trial date, pursuant to Illinois Supreme Court Rule 237(b) (87 Ill. 2d R. 237(b)). In vacating the default judgment and remanding the case, the Illinois Appellate Court stated:

> "The purpose of imposing sanctions under Supreme Court Rule 219(c) is to compel cooperation rather than to dispose of litigation as a means of punishing the noncomplying party. [Citation.] The court may not invoke sanctions which are designed to impose punishment rather than to achieve or effect the objects of discovery. [Citations.] *** A default judgment entered as a sanction for noncompliance with discovery rules or orders under Rule 219(c) should be set aside when a trial on the merits may be held without visiting hardship or prejudice on the parties. [Citation.]" 81 Ill. App. 3d 1031, 1035.

The conduct of the plaintiff in *Cedric Spring* was similar to the plaintiff's conduct in this case. In *Cedric Spring*, the defendant refused to produce, while plaintiff here eventually agreed to produce but *cannot produce because* the documents had been stolen. There is

no surprise evidence to be used against the defendant here and there is no prejudice to the defendant other than his loss of time.

Defendant contends the plaintiff is legally bound to follow the rules and orders of the system in which he brought his action. (*National Bank of Austin v. First Wisconsin National Bank* (1977), 53 Ill. App. 3d 482.) Plaintiff chose not to follow the rules for a year. Plaintiff's actions were a deliberate flaunting both of the letter and the spirit of the rules. Defendant argues dismissal here as a sanction to act as a "general deterrant which will provide a strong incentive for *all* litigants to fully and accurately comply with discovery rules [Citation.]" (Emphasis in original.) *Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.* (1984), 122 Ill. App. 3d 504, 514.

Unquestionably, sanctions of dismissal have been upheld. (See *e.g., Holzmiller v. Clark Equipment Co.* (1981), 100 Ill. App. 3d 687 (dismissal upheld where plaintiff refused to answer interrogatories); *Elders v. Sears, Roebuck & Co.* (1980), 82 Ill. App. 3d 995 (dismissal affirmed where plaintiff repeatedly filed late or inadequate responses to discovery requests); *Lohja v. Checker Taxi Co.* (1980), 92 Ill. App. 3d 491 (dismissal order where plaintiff failed to produce documents or appear for deposition); *Ambassador Insurance Co. v. Wilson* (1978), 65 Ill. App. 3d 418 (dismissal ordered where plaintiff failed to respond to discovery requests in a timely manner) *Urmoneit v. Purves* (1975), 33 Ill. App. 3d 939 (dismissal affirmed where plaintiff did not appear for deposition).) But those cases applied where the plaintiff refused to comply. However, at the time this cause was dismissed, the plaintiff finally had turned over all the documents he had, had been deposed, and no one claimed that his statements that he had not seen certain documents in over a year or that they were now stolen was a lie or a deliberate attempt on his part to destroy material evidence. Further, the documents provided no evidence on any material disputed issue.

*White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, remains one of the most instructive cases on sanctions for failure to comply with discovery rules. The court stated:

"An unreasonable failure of a party to comply with the rules and orders of discovery may result in the imposition of sanctions by the trial court. [Citations.] Supreme Court Rule 219(c) [citation] provides a nonexclusive list of sanctions for noncompliance, ranging from a mere stay in the proceedings to the dismissal of the offending party's cause of action. *** [I]n determining which orders or sanctions to impose under Supreme Court Rule 219(c), the trial court must seek not to impose punishment but rather to accomplish the object of discovery. [Citations.] *** A

just order is one which, to the degree possible, insures both discovery and trial on the merits. [Citations.] for these reasons, courts are reluctant to impose the sanctions of dismissal. [Citation.] It is a drastic punishment [citations], and should not be invoked except in those cases where the actions of the party show a deliberate, contumacious or unwarranted disregard of the court's authority. [Citations.] Dismissal, being such a drastic sanction, should be employed only as a last resort [citations], when all other enforcement powers at the court's disposal fail to advance the litigation [citations], and it should be set aside if it will not cause a hardship for the parties to provide to trial on the merits. [Citations.]" 78 Ill. App. 3d 1025, 1027-29.

Based on our finding that the missing documents are immaterial and that defendant will not be prejudiced by their nonexistance, we hold that since discovery has been completed and plaintiff has been deposed, the parties should proceed to trial on the merits. The sanction of dismissal in this case was unwarranted where other "enforcement powers" at the court's disposal remained in its arsenal and should have been utilized. See *United Excavating & Wrecking, Inc. v. J. L. Wroan & Sons, Inc.* (1976), 43 Ill. App. 3d 101; *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974; *Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449; *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102.

Plaintiff contends he is entitled to an impartial judge but that the trial judge ignored certain evidence and refused to vacate a dismissal order because of his prejudice against the plaintiff. The appellate court has repeatedly indicated that the burden of establishing actual prejudice of a trial judge rests on the complaining party. (*People v. Beasley* (1982), 108 Ill. App. 3d 301, 309.) The entry of an adverse judgment, standing alone, is not evidence of prejudice. (*City of Chicago v. Walker* (1978), 61 Ill. App. 3d 1050, 1054.) Our review of the record leads us to conclude the trial judge has acted with all due fairness and objectivity.

We reverse the order of dismissal and remand for a trial on the merits with directions that the trial court consider an appropriate sanction for the refusal of the plaintiff to earlier comply with discovery.

Reversed and remanded.

HOPF and UNVERZAGT, JJ., concur.