JERRY A. ELDERS *et al.*, Plaintiffs, *v.* SEARS ROEBUCK & CO., Defendant-Appellant.—(FLASH DELIVERY SYSTEMS, INC., Plaintiff-Appellee; ARMSTRONG RUBBER CO., Defendant.)

First District (2nd Division)   No. 79-750

Opinion filed March 31, 1980.

Wildman, Harrold, Allen & Dixon, of Chicago (Max E. Wildman and Robert E. Kehoe, Jr., of counsel), for appellant.

George J. Guest, of Chicago (Dalton P. Grief, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This action was dismissed for failure to comply with a court order relating to discovery. However, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), the dismissal order was modified to provide that the dismissal was for want of prosecution, thereby purportedly permitting plaintiff to refile the action under section 24 of the Limitations Act. (Ill. Rev. Stat. 1977, ch. 83, par. 24a.) Defendant has appealed, contending the trial court erred in granting any relief from the dismissal.

On May 1, 1974, plaintiff, Flash Delivery Systems, Inc., filed an action against defendant, Sears Roebuck & Co., for $9500 in property damage. The complaint alleged that plaintiff's truck had been damaged in an accident caused by a sudden blowout of a tire purchased from defendant.

On April 28, 1976, the lawsuit was consolidated with a related personal injury action filed by the driver of the truck; thereafter, as expressly provided in the consolidation order, both actions were carried under the designation, "Elders, et al. v. Sears, et al., 75 L 8535."

On May 12, 1976, defendant propounded interrogatories to be answered by plaintiff, and on December 6, 1976, defendant propounded a second set of interrogatories, as well as a request for documents. When no answers were forthcoming, defendant's counsel sent counsel for plaintiff a letter, requesting compliance or explanation, but plaintiff made no reply. On March 8, 1977, the court ordered plaintiff to comply with the requested discovery within 14 days. While plaintiff timely answered most of the interrogatories, which were numerous, some answers were not filed until two months later.

On January 3, 1978, defendant propounded several additional interrogatories and filed a notice for plaintiff to produce one of its recordkeeping employees for her deposition. After the deposition had been rescheduled several times, counsel for plaintiff informed defendant that plaintiff refused to produce the employee. Plaintiff ultimately did produce the deponent, but only after defendant obtained a court order compelling production.

Meanwhile, plaintiff never answered the additional interrogatories. On June 20, 1978, upon defendant's motion, the court ordered plaintiff to answer those interrogatories within 28 days. Plaintiff did not do so. Thereafter, on August 14, 1978, defendant presented a motion to dismiss plaintiff's action for failing to comply with the court order compelling plaintiff to answer the interrogatories. When, that same day, the motion came on for hearing, no one appeared for plaintiff. The court then granted defendant's motion to dismiss with prejudice.

On December 29, 1978, plaintiff filed a section 72 petition to vacate the order of dismissal entered on August 14, 1978, 4½ months before. The sole statement of any grounds for relief appeared in an affidavit which stated as follows:

"Now comes JOSEPH P. MARTO, having been duly sworn, and on oath states as follows:

1. That he is an Attorney and associated with the law offices of George J. Guest, Attorney of record for FLASH DELIVERY SYSTEMS, INC., one of the plaintiffs herein;

2. That he has knowledge of the procedures pertaining to the handling of this case in the aforesaid office;

3. That this case was listed on the Motion Call for August 11, 1978, as 'Elders vs. Sears Roebuck' and as such was missed by our Law Clerk as being one of our cases;

4. That by the time your affiant located the office file by the

Court number, the defendant's Motion to Dismiss had been sustained;

5. That defendant's Motion to Dismiss was based on plaintiff's failure to answer certain Interrogatories ordered to be answered on June 20, 1978;

6. That in order to answer said Interrogatories, it was necessary to pursue certain investigation with the plaintiff and with plaintiff's insurance carrier and plaintiff's expert witnesses;

7. That said investigation required time to complete prior to undertaking answering of said Interrogatories;

8. That had affiant known of the said Motion to Dismiss being on the Call of August 11, 1978, he would have appeared and stated these facts to the Court and requested further time to answer said Interrogatories;

9. That the necessary investigation has not been completed; the Answers to the Interrogatories in question have been prepared and signed by an Agent of the plaintiff and have been filed in Court."

The petition to vacate was not presented for hearing until February 8, 1979, on which day the court entered an order not vacating the dismissal order, but rather modifying it to read that defendant's motion to dismiss was granted for want of prosecution. Five days later, plaintiff refiled its lawsuit; defendant has taken this appeal.

This court has several times recently recited the principles applicable to petitions for relief under section 72 (*e.g., American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 400 N.E.2d 102; *Solomon v. Arlington Park/Washington Park Race Track Corp.* (1979), 78 Ill. App. 3d 389, 396 N.E.2d 1118), and we need not do so again here. As the court stated in *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294, even "[a]ssuming that the present petition alleges facts which would otherwise justify the granting of relief, the absence of any excuse for not asserting them in apt time must preclude it." The affidavit in support of plaintiff's petition alleges that had plaintiff's attorney known of the hearing on the motion to dismiss, he would have appeared, explained that plaintiff was having difficulty answering the interrogatories, and requested further time to do so. But it is apparent that plaintiff's attorney learned of the dismissal the very day it was entered. Plaintiff could have immediately filed a motion to vacate the order pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)), yet plaintiff failed to act until 4½ months had gone by. The words of the court in *Brockmeyer*, dealing with multiple petitioners, are otherwise directly pertinent:

"From the facts in this case it is evident that petitioners had ample opportunity * * * to advise the court of the alleged situation within 30 days after the order * * *; and no one was at

fault but themselves if they failed to do so. With knowledge of the alleged facts upon which the present petition is based they delayed taking any action within the period allowed by law for the trial court to correct its own order, and no attempt has been made to excuse the delay. Under such circumstances no grounds have been shown entitling them to relief."

18 Ill. 2d 502, 506; accord, *In re Estate of Reilly* (1979), 68 Ill. App. 3d 906, 914, 386 N.E.2d 462; *Vanderbilt v. Sovereign Oil Co.* (1978), 61 Ill. App. 3d 149, 377 N.E.2d 1071.

■■ Plaintiff's only explanation for its delay was that it needed additional time to complete its answers to interrogatories. Plaintiff argues that the act of submitting the answers with its petition to vacate demonstrated a willingness to comply with the rules of discovery and the order of the court. This position might have some support if plaintiff's petition had been filed within 30 days or perhaps even 5 days later (see *Cook v. Schwab Rehabilitation* (1979), 77 Ill. App. 3d 245, 395 N.E.2d 1100). But if plaintiff needed additional time, it should have immediately requested it. Instead, plaintiff erroneously chose to persist in its unexplained delinquency for 4½ additional months. Therefore relief under section 72 was unwarranted. Accord, *Abbell v. Munfield* (1979), 76 Ill. App. 3d 384, 395 N.E.2d 78; *Ambassador Insurance Co. v. Wilson* (1978), 65 Ill. App. 3d 418, 382 N.E.2d 605; *Kohler v. Sears, Roebuck & Co.* (1977), 56 Ill. App. 3d 157, 371 N.E.2d 1044.

Plaintiff cites cases holding that dismissal under Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)) is a harsh sanction, to be imposed only when the conduct of the offending party shows a deliberate disregard for the discovery rules or orders not complied with. This is, of course, the rule (see, *e.g., Presbyterian St. Luke's Hospital v. Feil* (1979), 75 Ill. App. 3d 438, 394 N.E.2d 537), but of the cases cited by plaintiff, the factually closest case is *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 340 N.E.2d 678, in which the court affirmed the entry of a default as a sanction. In view of plaintiff's repeated, unexplained, apparently deliberate failures to comply with discovery, over an extended period of time, dismissal was not improper in the case at bar.

■■ Finally, we would comment on the type of relief granted by the trial court in the instant case, modifying the original dismissal order to provide that the dismissal was "for want of prosecution," and thereby purporting to permit plaintiff to refile its action under section 24 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a). This was clearly inappropriate. Several cases have squarely held that the dismissal of an action for failure to comply with discovery is not a dismissal for want of prosecution and is not within the scope of section 24. (*Keilholz v. Chicago & North Western*

*Ry. Co.* (1974), 59 Ill. 2d 34, 319 N.E.2d 46; *Country Mutual Insurance Co. v. Regent Homes Corp.* (1978), 64 Ill. App. 3d 666, 380 N.E.2d 516.) Moreover, in *Brewer v. Moore* (1978), 67 Ill. App. 3d 487, 385 N.E.2d 73, this court reversed an order which similarly attempted to modify a dismissal order so as to use the magic words "want of prosecution" and thereby permit refiling under section 24. Finding that the action was dismissed as a sanction for failure to answer interrogatories and comply with court orders, this court held that the court erred in modifying its order and that the dismissal acted as a bar to refiling. (67 Ill. App. 3d 487, 489.) The case at bar is identical except that, if anything, *Brewer* was a closer case, dealing, as it did, with a motion to vacate made within 30 days of dismissal and therefore within the time permitted the trial court to modify or reconsider its own order. (*E.g., Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505-06, 165 N.E.2d 294; *Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 105-06, 390 N.E.2d 579; see generally *Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 394 N.E.2d 527.) That time had passed in the case at bar, and except for orders entered nunc pro tunc as to appropriate matters such as matters of form (*e.g., Spears v. Spears* (1977), 52 Ill. App. 3d 695, 697-98, 367 N.E.2d 1004), the trial court was without authority to correct its own order and could act only upon a section 72 petition, properly pleaded and proved. Furthermore, even if the petition had been sufficient, which it was not, it is not at all clear what the court sought to accomplish by modifying the dismissal order so as to permit refiling, thereby putting the parties back at the outset of the litigation, rather than simply vacating the order. At any rate, this practice is expressly disapproved.

The order of the trial court, modifying its order of dismissal, is reversed, and the judgment order of dismissal with prejudice accordingly stands as originally entered.

Reversed.

PERLIN, P. J., and HARTMAN, J., concur.