NORTHERN ILLINOIS GAS COMPANY, Plaintiff-Appellant, v. MIDWEST MOLE, INC., Defendant-Appellee (Pontarelli Brothers Contracting Company, Inc., Third-Party Defendant-Appellee).

Second District   No. 2—89—0710

Opinion filed June 28, 1990.

Laurence Leszcynski, of Major, Fennell & Associates, Ltd., of Wheaton, for appellant.

Thomas R. Weiler, of O'Reilly, Cunningham, Norton & Mancini, and Dale W. Bruckner and Elizabeth W. Sexton, both of Peregrine, Stime, Newman, Ritzman & Bruckner, Ltd., both of Wheaton, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Northern Illinois Gas Company, filed a complaint in the circuit court of Cook County on February 5, 1985, seeking compensation in the amount of $42,577.21 for damage to its gas lines allegedly caused by defendant, Midwest Mole, Inc. On April 11, 1988, the case was transferred to the circuit court of Du Page County. On August 19, 1988, defendant filed a motion to compel plaintiff to comply with discovery in this case. However, plaintiff failed to appear at the hearing on defendant's motion, and, on August 29, 1988, the cause was dismissed for want of prosecution. On September 28, 1988, the order of dismissal was vacated, and plaintiff was given additional time to comply with discovery orders. Plaintiff again failed to comply with the discovery orders, and on December 6, 1988, on defendant's motion, plaintiff failed to appear at a hearing and the cause was dismissed with prejudice pursuant to Supreme Court Rule 219(c) (107 Ill. 2d R. 219(c)).

On January 10, 1989, plaintiff filed a motion to vacate the December 6, 1988, order. The trial court denied plaintiff's motion on March 3, 1989. On March 27, 1989, plaintiff petitioned the trial court, this time apparently pursuant to section 2–1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2–1401), seeking to vacate the order of December 6, 1988. The trial court denied this petition on June 23, 1989.

Plaintiff then appealed, seeking review of the trial court's orders of December 6, 1988, March 3, 1989, and June 23, 1989. On January 9, 1990, this court granted appellees' motion to dismiss the appeal. On February 6, 1990, upon reconsideration, this court reinstated plaintiff's appeal only with respect to the trial court's order of June 23, 1989, and the order dismissing the appeal remained in effect as to the trial court's orders of December 6, 1988, and March 3, 1989.

The record reveals the following chronology of facts pertinent to this appeal. Plaintiff first filed its complaint in the circuit court of Cook County on February 5, 1985. Defendant, Midwest Mole, filed its answer on March 12, 1985. On December 15, 1986, defendant filed a request to produce, directing plaintiff to produce certain documents.

Defendant also propounded interrogatories to plaintiff and filed a notice of deposition on December 18, 1986. On February 5, 1987, an order was entered requiring all parties to complete discovery. Written discovery was to be completed by April 30, 1987, and oral discovery was to be completed by July 31, 1987. Discovery was to be closed on August 3, 1987. From February through May 1987, defendant sent three letters requesting plaintiff to complete discovery. On July 6, 1987, defense counsel again wrote to plaintiff, noting that plaintiff's written responses had not been received and advised plaintiff that the scheduled depositions could not proceed without the completion of written discovery unless plaintiff was willing to produce the witnesses for deposition at a later date.

On July 22, 1987, plaintiff filed partial answers to defendant's interrogatories and responded to the request to produce. On July 31, 1987, noting that plaintiff had not produced all of the requested documents, defendant requested that plaintiff file an affidavit pursuant to Supreme Court Rule 214 (107 Ill. 2d R. 214), stating whether the production was complete in accordance with the request. On August 24, 1987, counsel for defendant sent a correspondence to plaintiff again requesting it to complete discovery.

On August 31, 1987, defendant filed a motion to extend the time to complete discovery. The circuit court of Cook County extended the time for written discovery until November 15, 1987.

On September 1, 1987, defendant filed notices directing plaintiff to produce three of its employees for deposition. On September 11, 1987, defendant filed supplemental interrogatories and another request to produce. On October 20, 1987, defendant was granted leave to file a third-party complaint against Pontarelli Brothers Contracting, Inc., and a counterclaim against plaintiff. Thereafter, defendant filed several notices of deposition to depose employees of plaintiff.

On April 11, 1988, third-party defendant, Pontarelli Brothers, filed a motion for a change of venue. The circuit court of Cook County granted the motion, and the cause was transferred to the circuit court of Du Page County.

On August 26, 1988, defendant filed a motion to compel plaintiff to comply with previous requests concerning interrogatories and notices to produce. Counsel for plaintiff failed to appear, and the motion was continued to August 29, 1988. On August 29, 1988, the cause was dismissed for want of prosecution because plaintiff again failed to appear. On September 28, 1988, the trial court vacated the August 29, 1988, dismissal order, and plaintiff was given 14 days to answer the outstanding interrogatories.

On November 14, 1988, defendant sent plaintiff a notice of a motion for a hearing on November 22, 1988, to dismiss plaintiff's complaint for failure to comply with the September 28, 1988, order. The motion averred that, due to the failure of plaintiff to respond to discovery requests, the deposition of witnesses had been delayed and plaintiff's conduct had prejudiced defendant in preparing its defense. No hearing was conducted on November 22, 1988, and defendant sent plaintiff a new notice indicating that the hearing would take place on December 6, 1988. On December 6, 1988, pursuant to notice served on plaintiff, defendant moved for a hearing *instanter* on its motion to dismiss. Plaintiff failed to appear, and the trial court dismissed the cause with prejudice pursuant to Supreme Court Rule 219(c). (107 Ill. 2d R. 219(c).) Defendant then sent a copy of the dismissal order to plaintiff.

On January 10, 1989, plaintiff, through newly employed counsel, filed a notice and a motion to vacate the December 6, 1988, order. Plaintiff also filed answers to defendant's supplemental interrogatories on that date. In addition, plaintiff filed an affidavit of Thomas J. Shanahan, its former attorney, which stated that Shanahan never received notice that defendant would proceed on its motion to dismiss other than a "Notice of Motion of November 22, 1988." In the affidavit, Shanahan claimed to have appeared on November 22, 1988, but was advised that defendant had failed to appear. The record indicates that the notice of the December 6, 1988, hearing was mailed on November 22, 1988.

A hearing on plaintiff's motion was conducted on March 3, 1989. At the hearing, plaintiff's new counsel acknowledged that he had received plaintiff's file late in December 1988 and claimed that he did not see any notice setting the matter for a hearing on December 6, 1988. Plaintiff argued that because it had *scheduled* the motion to vacate on January 3, 1989, the motion was timely filed within 30 days of the judgment as a section 2—1301 motion applicable to default judgments. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301.) The trial court noted that plaintiff's motion was not properly *filed* as required for a section 2—1301 motion and denied the motion. The trial court also observed that the motion would have been inadequate as a section 2—1401 petition (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). Plaintiff's request to file a section 2—1401 petition *instanter* was denied.

On March 27, 1989, within 30 days of the denial of its first motion to vacate, plaintiff apparently filed another petition to vacate purportedly under section 2—1401 of the Code. A copy of this petition does not appear in the record. After a hearing on May 5, 1989, the trial

court took the matter under advisement. On June 23, 1989, the trial court entered a detailed order denying plaintiff's section 2—1401 petition. The trial court observed that it had the power to dismiss an action for failure of a party to comply with discovery orders. The court noted that plaintiff had failed to demonstrate any legitimate excuse for its failure to comply with discovery orders or that plaintiff's refusal was reasonable. The trial court concluded that plaintiff failed to show the existence of a meritorious claim, and in failing to complete discovery over the 18-month period between July 1987 and January 10, 1989, plaintiff had displayed a complete lack of diligence and had not shown that the failure to complete discovery was through no fault or negligence of its own. On July 14, 1989, plaintiff filed a notice of appeal.

On appeal, plaintiff contends that: (1) the trial court abused its discretion in dismissing its complaint with prejudice; (2) the motion to vacate the dismissal order pursuant to section 2—1301 of the Code was timely filed; and (3) the section 2—1401 petition was sufficient to entitle it to post-judgment relief.

We initially consider the nature and timeliness of plaintiff's post-judgment "motions" to vacate the December 6, 1988, dismissal order, as these motions may affect our jurisdiction to hear this appeal. Notwithstanding plaintiff's arguments to the contrary, the first purported motion to vacate the December 6, 1988, order was brought more than 30 days after the entry of judgment. Although it was not initially labeled as a section 2—1301 motion, plaintiff argued that the motion was brought pursuant to section 2—1301 of the Code. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301.) Plaintiff further argued that the motion was timely because counsel, on January 3, 1989, scheduled a hearing on the court's motion call. Thus, plaintiff claims that the motion satisfied the 30-day requirements of this section. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301(e).) Plaintiff's position is untenable.

■ It is clear from the record that no motion to vacate the dismissal order was actually filed until January 10, 1989, and this was more than 30 days after the entry of the order. A post-judgment motion to vacate must be actually filed within 30 days of the entry of judgment for the trial court to have jurisdiction to consider it. (See *Kollath v. Chicago Title & Trust Co.* (1975), 62 Ill. 2d 8, 11.) A party's mere intent to file a motion does not satisfy the statutory requirement of filing. The actual filing date of a petition for relief from a final judgment is when it is received and stamped by the clerk of the court. *Ayala v. Goad* (1988), 176 Ill. App. 3d 1091, 1094; *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 553-54.

■ Regardless of the label affixed to plaintiff's first motion to vacate the December 6 order filed on January 10, 1989, we conclude that the first "motion" must be considered a new action brought by petition pursuant to section 2—1401 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401 (formerly Ill. Rev. Stat. 1979, ch. 110, par. 72)), because the first attempt to vacate the judgment was made more than 30 days after the rendition of judgment. (See *Schuman v. Department of Revenue* (1967), 38 Ill. 2d 571, 573.) A trial court loses jurisdiction over a matter once 30 days have passed following the entry of a final and appealable order if, during that time, neither party takes any legally proper action which tolls the 30-day period. *People ex rel. McGraw v. Mogilles* (1985), 136 Ill. App. 3d 67, 71.

■ Numerous courts have held that when a motion to vacate a judgment is brought more than 30 days after the entry of the original judgment, the motion must be construed as a petition for relief from a final judgment under section 2—1401 of the Code. (See *Schuman*, 38 Ill. 2d at 573; *Peoples Gas Light & Coke Co. v. Rubin* (1980), 89 Ill. App. 3d 244, 246; *Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 620.) Unless a petition attacks a judgment as void (see, *e.g.*, *Mogilles*, 136 Ill. App. 3d at 71), a party's sole source of relief from the judgment is under section 2—1401 (*Lurie Co. v. Teichner* (1978), 63 Ill. App. 3d 950, 952; *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 623), even where the petition is fatally defective (*Mehr v. Dunbar Builders Corp.* (1972), 7 Ill. App. 3d 881, 883).

In the present case, we adhere to the rule that a petition to vacate a judgment brought more than 30 days after the entry of judgment will be considered as a section 2—1401 petition where the petition does not attack the prior judgment as being void. Here, plaintiff's first petition filed on January 10, 1989, alleged that it failed to receive notice of the December 6, 1988, proceeding. The affidavit of the prior attorney of record, Thomas Shanahan, filed on January 18, 1989, in support of the petition, stated that Shanahan never received notice of the December 6, 1988, proceeding which resulted in the dismissal order. At the hearing on March 3, 1989, plaintiff's new attorney argued lack of notice as the basis to vacate the December 6 order; no explanation was given for filing this first petition more than 30 days after the entry of judgment though it is clear from the record that the new attorney had reviewed the case late in December 1988. Rather, counsel argued that placing the matter on the trial court's call within 30 days of the judgment and mailing a notice to defendants was sufficient to satisfy the time requirements and that failing to file was merely a "technical" error. The trial court denied plaintiff's mo-

tion as a section 2—1301 motion and noted that the motion would also have been inadequate under section 2—1401.

We agree that, as a matter of law, plaintiff's first petition did not satisfy the requirements for obtaining relief under section 2—1401 of the Code. To obtain relief under section 2—1401, a party must show by a preponderance of the evidence: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting that defense or claim to the circuit court in the original action; and (3) due diligence in filing the petition for section 2—1401 relief. *In re Petition of Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 544; *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21.

Plaintiff demonstrated neither the existence of a meritorious claim nor due diligence in resisting the original judgment. The alleged failure to receive notice of a proceeding, without more, is an inadequate basis for obtaining relief under section 2—1401. (*Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 151; see also *Smith v. Airoom*, 114 Ill. 2d at 227.) Plaintiff provides us no legitimate excuse for its failure to comply with discovery orders. (See *Peoples Gas, Light & Coke Co. v. Chicago Black Improvement Association* (1986), 148 Ill. App. 3d 1093, 1096.) Plaintiff fails to offer a satisfactory explanation regarding its failure to appear at the December 6, 1988, proceeding or why it did not promptly challenge the entry of the judgment entered that day. The record indicates that notice of the December 6 proceeding was sent to plaintiff on November 22, 1988, and plaintiff's counsel was aware of the dismissal order before the 30 days had elapsed from the time of its entry. A party must follow the progress of its case, and section 2—1401 will not operate to relieve a litigant of the consequences of his or his attorney's neglect. (*Kaput v. Hoey* (1988), 124 Ill. 2d 370, 383.) Additionally, plaintiff brought no new facts to the attention of the trial court which if known to the court at the time judgment was rendered would have prevented its rendition. See *In re Marriage of Tzoumas* (1989), 187 Ill. App. 3d 723, 728.

We next consider the effect of plaintiff's filing of its second "motion" to vacate on March 27, 1989. This motion was filed within 30 days of the denial of the first petition. Defendant, along with third-party defendant, argues that plaintiff's second motion constituted an impermissible, repetitious or successive post-judgment motion which may not substitute for a proper appeal.

It has been held that successive post-trial motions or section 2—1401 petitions may not extend the time for appeal where the time for appeal has expired. (See, *e.g., City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 865-66; *Federal Sign & Signal*

*Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 181.) However, in light of our supreme court's decision in *Burnicka v. Marquette National Bank* (1982), 88 Ill. 2d 527, a case cited by neither party, this court must reexamine the rule prohibiting successive post-judgment motions to vacate, taking note of the fine distinctions made in *Burnicka* between successive post-judgment motions to vacate and the denial or grant of a section 2—1401 petition followed by a timely motion to vacate brought within 30 days of the grant or denial of the section 2—1401 petition.

In the present case, defendant argues that, upon denial of plaintiff's first petition to vacate on March 3, 1989, plaintiff's *only* option was to file a notice of appeal, and when plaintiff attempted to bring a second "petition" on March 27, 1989, this was an improper attempt to substitute that petition for its right to appeal. We disagree that plaintiff's only option after the denial of its first section 2—1401 petition was to file an appeal within 30 days. Our supreme court rejected this view in *Burnicka* (88 Ill. 2d at 531-32).

In *Burnicka,* the defendant filed a section 72 petition (now section 2—1401) on March 1, 1979, seeking to vacate a default judgment entered July 18, 1978. After holding a hearing, the trial court granted the petition to vacate the default judgment. The plaintiffs did not file a notice of appeal from the granting of the defendant's section 72 petition, but, instead, filed a motion to set aside the judgment; that motion was denied on January 3, 1980. The plaintiffs filed a notice of appeal within 30 days of the January 3, 1980, order. The appellate court dismissed the appeal for lack of jurisdiction.

The Illinois Supreme Court reversed, noting that the filing of a section 72 petition was the commencement of a new cause of action and was not a continuation of the proceeding in which the prior judgment was entered. (*Burnicka,* 88 Ill. 2d at 530.) A section 72 petition was not, therefore, merely a post-trial motion in the prior proceeding. The supreme court declared that a party against whom a judgment had been entered under section 72 of the Code should have the same opportunity to file its (first) post-trial motion as in other civil proceedings. Therefore, the supreme court held that, if within 30 days of the grant or denial of a section 72 petition a post-trial motion directed against that judgment is filed, the motion will extend the time for filing a notice of appeal until 30 days after the order disposing of the motion is entered. (88 Ill. 2d at 531.) The court noted, however, that a second post-judgment motion would be unauthorized and would not extend the time in which to appeal. 88 Ill. 2d at 531, citing *Sears v. Sears* (1981), 85 Ill. 2d 253.

In *Sears,* the supreme court rejected successive post-judgment motions as a method of extending the time for appeal. (*Sears,* 85 Ill. 2d at 259.) The court noted that the denial of a post-judgment *motion* is not itself a judgment, but, as a practical matter, the denial of a timely first post-judgment motion is always reviewable. The appellant may, on appeal of the judgment, bring up all related orders entered before the notice of appeal and not previously appealable, including the denial of the post-judgment motion. (*Sears,* 85 Ill. 2d at 258.) Thus, the distinction between an ordinary post-judgment *motion* and a section 2—1401 petition is critical in determining whether a successive attempt to vacate a prior judgment is permissible.

■■ In the present case, to the extent that it can be gleaned from the partial record before us, plaintiff's second attempt to vacate the final judgment was apparently brought on March 27, 1989, within 30 days of the March 3, 1989, denial of its first petition to vacate. The trial court applied the standards established for the consideration of a section 2—1401 petition. We believe that, if plaintiff's second attempt to vacate the judgment is cognizable at all, it must be as a first post-judgment *motion* or motion to reconsider the denial of its first *petition.* (See *Nenadic,* 75 Ill. App. 3d at 622.) Since it was the first motion brought after the denial of its first petition, it cannot be characterized as a successive or repetitious post-judgment motion. See *Neuberg v. Michael Reese Hospital & Medical Center* (1983), 118 Ill. App. 3d 93, 98 (following the holding of *Burnicka*).

Based on the foregoing discussion, we will consider plaintiff's March 27, 1989, motion to vacate the final judgment as a post-judgment motion brought within 30 days of the denial of its first petition. The notice of appeal was filed within 30 days of the June 23, 1989, denial of that post-judgment motion. We therefore have jurisdiction to consider this appeal of the June 23, 1989, order and the prior related orders under *Sears* and *Burnicka.*

■■ Plaintiff, as appellant, had the duty to present a complete record on appeal so as to fully apprise the court of the issues in the case. (*Lakeland Property Owners Association v. Larson* (1984), 121 Ill. App. 3d 805, 808.) Because plaintiff's post-judgment motion to vacate brought on March 27, 1989, is absent from the record, any doubts which may arise from the incompleteness of the record will be resolved against plaintiff. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 392.) After reviewing the trial court's reasons for denying plaintiff's March 27, 1989, motion to vacate, we conclude that plaintiff was no more successful in its second attempt than in its first.

■■ At the hearing on May 5, 1989, counsel for plaintiff merely

repeated his argument that the December 6, 1988, dismissal order was entered because of a lack of notice to plaintiff. However, the trial court specifically found that the December 6, 1988, order was entered pursuant to notice duly served on Thomas J. Shanahan, plaintiff's first attorney, and the record supports that finding. No explanation was given regarding plaintiff's repeated failures to comply with discovery orders and its failure to appear at scheduled proceedings. The trial court had already dismissed plaintiff's cause of action for want of prosecution on August 29, 1988. After the cause was reinstated, plaintiff was given another opportunity to comply; plaintiff again managed to ignore the impending proceedings on December 6, 1988, and, additionally, failed to move to set aside the December 6, 1988, order within 30 days of its entry.

To merit section 2—1401 relief, plaintiff was required to demonstrate a meritorious defense to the judgment or final order challenged. (*Mogilles*, 136 Ill. App. 3d at 73.) In addition, plaintiff was also required to present a legitimate excuse for its failure to comply with the discovery schedule and to show a willingness to comply in the future. (*Chicago Black Improvement Association*, 148 Ill. App. 3d at 1096.) In view of plaintiff's repeated, unexplained, and apparently deliberate failures to comply with discovery orders over an extended period of time, particularly where the trial court had already dismissed the case once for want of prosecution, we cannot say that the dismissal was improper on its merits. See *Elders v. Sears Roebuck & Co.* (1980), 82 Ill. App. 3d 995, 998; *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 927.

By now, this litigation has dragged through the courts for more than five years without proceeding to trial. Defendant attempted to obtain full discovery for nearly three of the five years by means of numerous requests and proceedings. As our supreme court has stated, "[o]ur discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. Discovery for all parties will not be effective unless trial courts do not countenance violations, and unhesitatingly impose sanctions proportionate to the circumstances." (*Buehler v. Whalen* (1977), 70 Ill. 2d 51, 67.) After repeated violations of its discovery orders, the trial court here first imposed the lesser sanction of dismissal for want of prosecution. Plaintiff's failure to comply after reinstating the case must be construed as a deliberate and contumacious disregard of the court's authority for which dismissal with prejudice was warranted. Plaintiff's last-minute attempt to provide discovery after the judgment became final is insufficient to warrant granting relief under section 2—1401, especially in

120

view of plaintiff's unreasonable and deliberate failure to comply with the discovery orders over a lengthy period of time. Furthermore, plaintiff displayed an obvious lack of diligence in resisting the entry of the judgment both before and after December 6, 1988. (See *Elders*, 82 Ill. App. 3d at 998.) We find that the trial court did not abuse its discretion in dismissing plaintiff's complaint and subsequent section 2—1401 petitions.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and WOODWARD, JJ., concur.