STEVEN KMOCH, Plaintiff-Appellant, v. MICHAEL KLEIN *et al.*, Defendants-Appellees.

Second District No. 2—92—0608

Opinion filed May 20, 1993.

H. Kent Heller, of Heller, Holmes & Associates, P.C., of Mattoon, for appellant.

Michael T. Byrne, of Clarendon Hills, for appellee Michael Klein.

Esther Joy Schwartz, of Stellato & Schwartz, Ltd., of Chicago, for appellee Allendale.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Steven Kmoch, appeals the circuit court's order dismissing with prejudice his complaint against defendants, Michael Klein and Allendale, due to plaintiff's failure to provide discovery (see 134

Ill. 2d R. 219(c)). Plaintiff contends that the trial court abused its discretion in dismissing his complaint as a discovery sanction.

Plaintiff filed his complaint April 16, 1990. The complaint alleges that during February 1988 plaintiff was a live-in student at Allendale, a school for disabled and handicapped children. Plaintiff was severely emotionally disturbed at that time. Defendant Klein was a child-care worker employed by Allendale. Klein sexually molested plaintiff while plaintiff was a resident of Allendale. The molestation caused severe mental and emotional damage to plaintiff. Count I of the complaint alleged battery against Klein. Count II alleged that Allendale knew that Klein suffered from sexual confusion, but failed to counsel or control him and allowed him to be alone with plaintiff under circumstances which would facilitate a sexual assault.

The common-law record contains more than 500 pages although the cause has never been resolved on its merits. The cause developed into a course of procedural wrangling over pleading and discovery issues after the filing of the complaint. The procedural wrangling consisted of such matters as motions for default, motions for sanctions, an interlocutory appeal which was ultimately dismissed, and disputes over deposition dates, production of documents, answers to interrogatories, and trial date continuances. More than 40 filings and court dates are reflected in the chronological listing of the trial court record.

An order was entered on October 17, 1991, requiring plaintiff to comply with outstanding written discovery within 21 days. Defendant Allendale filed a motion to compel plaintiff to comply with outstanding discovery, a motion for sanctions, and a motion for extension of time to disclose expert witnesses on November 25, 1991. The trial court entered an order on that date ordering plaintiff to respond to outstanding discovery in 10 days and continuing the trial date to March 16, 1992.

Allendale filed another motion for sanctions on December 3, although plaintiff's time to answer discovery pursuant to the November 25, 1991, order had not yet run. Plaintiff apparently answered the interrogatories on December 4, 1991. (The answers themselves are not contained in the record on appeal. A copy of the answers is attached as an exhibit to plaintiff's motion to vacate the dismissal.)

In response to question four, plaintiff stated that his injuries consisted of "[m]ental/emotional disturbance." In response to question five, asking for the names of treating and consulting physicians, plaintiff listed the following:

"Dr. Carol Padilla, Menninger, Topeka, Kansas
Dr. Glade, Menninger, Topeka, Kansas
Dr. Stuart Crane, Menninger, Topeka, Kansas
Dr. Jeckel, Champaign, Illinois"

In response to question six, asking whether plaintiff had ever been a patient at a hospital, he listed Carle Pavilion, Champaign, Illinois, and the Menninger Clinic.

On December 9 the court entered an order providing that it would monitor the status of discovery on December 30 unless defendant received medical releases and continuing the trial date to May 11, 1992.

Allendale then moved for and was granted leave to take the depositions of Doctors Padilla, Glade, Crane and Jeckel. Allendale also filed another motion to compel and for sanctions. This motion alleged that plaintiff's answers regarding his treating physicians were incomplete and that defendant had become aware of numerous "treaters," both before and after the alleged occurrence which plaintiff did not disclose in his answers to interrogatories. Defendant argued that plaintiff was emotionally disturbed before he came to reside at Allendale. Thus, the extent to which his alleged mental and emotional injuries were caused by the alleged sexual assault or were preexisting conditions was a critical issue in the case.

Specifically, Allendale alleged that it became aware of four "additional treaters who provided psychological treatment *after* the occurrence" (emphasis in original) and who were excluded from plaintiff's answers:

"1. Dr. Hannum;
2. Champaign County Mental Health Center;
3. Janice Aul, M.S.W.; and
4. Carle Pavilion."

Defendant listed 11 entities which allegedly provided treatment to plaintiff prior to the occurrence:

"1. Robert Brunner, M.D.;
2. William Pigott;
3. Ron Rothschild, L.C.S.W.;
4. Steve Young, M.D.;
5. William Rowley, M.D.;
6. Dr. Riggs;
7. Champaign County Mental Health Center;
8. Mercy Hospital;
9. Various social workers and psychiatrists in Champaign County schools;
10. Unknown physician (EEG); and

11. Unknown physician (MRI)."

Allendale's motion argued that plaintiff's noncompliance was unreasonable as a matter of law and requested the court to dismiss the action as a sanction for noncompliance.

The court ordered plaintiff to "amend his answers to interrogatories within 30 days to reflect all prior and subsequent treaters" on March 19, 1992. The court took defendant's request for sanctions under advisement, struck the trial date, and set the matter for status of compliance with discovery on April 23.

Plaintiff filed a response to defendant's motion which included the affidavit of Betty Kmoch, plaintiff's mother. The response and affidavit alleged the following. During this time plaintiff was a patient at the Menninger Clinic. Betty Kmoch had visited with her son and spoken to him over the phone, and, in her opinion, he was emotionally unable to provide all the information requested by Allendale. Betty Kmoch and her husband thus cooperated with plaintiff's counsel to provide answers to the discovery requests, and the answers provided were true and correct to the best of their ability.

Two of the witnesses specifically listed in Allendale's motion, Dr. Hannum and Janice Aul, were employees of Dr. Jeckel, who was disclosed. Carle Pavilion is the name of an institution rather than a "physician" and was disclosed in response to the question about hospitals. Plaintiff's parents have no knowledge about any care provided to plaintiff by the Champaign County Mental Health Center. Robert Brunner was a family practitioner who provided no psychological or psychiatric care. On information and belief, William Pigott was an employee of the Champaign city schools who administered tests but provided no treatment. Ron Rothschild was believed to have been a graduate student at the University of Illinois who may have provided some services to plaintiff while the latter was a middle school student, but who was neither a psychologist nor a psychiatrist. Plaintiff's parents had no knowledge regarding Steven Young or William Rowley, who they speculated may have seen plaintiff while he was a student at Allendale. Dr. Riggs, of the Christie Clinic in Champaign, performed testing at the request of Dr. Jeckel but provided no treatment. Although plaintiff admitted himself to the emergency room of Mercy Hospital, that institution provided no psychiatric care, but merely referred plaintiff to Dr. Jeckel.

Plaintiff's parents believed that no psychiatrists were employed by the Champaign city schools. Finally, an EEG and an MRI were arranged by Allendale. The persons administering the tests were proba-

bly technicians and would not have been the persons interpreting the tests.

The court dismissed the cause with prejudice on April 23, finding that "plaintiff's non-compliance with discovery was willful and without justification."

Plaintiff filed a motion to vacate the dismissal, which the court denied. Plaintiff then perfected this appeal.

Plaintiff's sole issue on appeal is that the court abused its discretion by dismissing the action with prejudice as a discovery sanction. Defendant responds that the court's action was appropriate where plaintiff's noncompliance was unreasonable.

■ Supreme Court Rule 219(c) authorizes the trial court to impose sanctions, including dismissal of the action, for a party's unreasonable refusal to comply with discovery. (134 Ill. 2d R. 219(c).) Imposing sanctions is a matter within the trial court's discretion, and its orders should not be disturbed absent an abuse of discretion. (*Zimmer v. Melendez* (1991), 222 Ill. App. 3d 390, 395.) The purpose of sanctions is to accomplish discovery, not to punish a litigant who has not been diligent in complying with discovery. (*Wegman v. Pratt* (1991), 219 Ill. App. 3d 883, 891.) The harsh sanction of dismissal should be used only as a last resort to enforce the discovery rules and should be set aside whenever a trial on the merits can be had without hardship or prejudice. *Wegman*, 219 Ill. App. 3d at 891; *Nehring v. First National Bank* (1986), 143 Ill. App. 3d 791, 803.

In *Nehring*, this court reversed the dismissal of the action under Rule 219(c). There, plaintiff, for nearly two years, failed to appear for his deposition and failed to produce documents despite numerous requests. Plaintiff eventually did produce some documents and appeared for his deposition. At his deposition, plaintiff revealed the existence of additional potentially relevant documents. Plaintiff stated that he had not produced them because they were "not important." Moreover, he could not then produce the documents because they had been stolen. In reversing the trial court's dismissal of the action, we found that some sanction was appropriate for plaintiff's belated compliance with discovery, but that dismissal was too harsh a sanction where plaintiff had complied with discovery to the best of his ability. (143 Ill. App. 3d at 799.) We noted that the additional documents described by plaintiff related to a matter, plaintiff's ownership of certain silver coins, which defendant did not dispute. Thus, defendant was unable to establish prejudice from the nondisclosure of these documents, or from plaintiff's belated compliance with discovery. 143 Ill. App. 3d at 799-800.

The instant case is similar to *Nehring*. There is no question that plaintiff's compliance with discovery was untimely and, to some extent, incomplete. Undoubtedly some sanction is appropriate. However, the ultimate sanction of dismissal was unwarranted and an abuse of discretion under the circumstances.

It appears that the trial court never seriously considered a less severe sanction as a means to compel compliance. Rather, it appears that defendant used plaintiff's technical noncompliance as a means to obtain dismissal of onerous litigation. Defendant's motion for sanctions reveals that it was aware of all the entities which plaintiff allegedly failed to disclose and to some extent already had records relative to their contact with plaintiff. It is inconceivable that defendant could claim prejudice from plaintiff's failure to disclose entities of which defendant was already aware.

In addition, defendant never disputed the allegations of plaintiff's mother that the vast majority of entities listed in its motion to compel were not directly involved in the psychological or psychiatric treatment of plaintiff. Defendant's interrogatories specifically requested the identity of treating *physicians*. However, a number of the entities listed in its motion appear to be social workers or medical technicians. In addition, defendant objects to plaintiff's failure to list Carle Pavilion as a treating physician. It should be obvious that Carle Pavilion is not a physician. Moreover, plaintiff listed this institution in response to question five about hospitals. Other than unsupported speculation that there may be additional treaters of which defendant is unaware, defendant has not demonstrated how it has been prejudiced by the alleged incompleteness of plaintiff's responses.

Additionally, although we place little weight on plaintiff's mother's lay opinion of her son's emotional state, we note that plaintiff's emotional condition may have been a factor in plaintiff's failure to comply timely with discovery. It is precisely plaintiff's mental and emotional condition which is at issue in this action.

Defendant complains that plaintiff never filed supplemental answers to interrogatories, but instead attempted to defend his original exclusion of some names. This argument misses the mark. Defendant already had the names it claimed plaintiff omitted. The only issue at that point was the reasonableness in making the initial omission. Defendant claimed it was entitled to sanctions for plaintiff's unreasonable conduct, and plaintiff was entitled to show that his response was in fact reasonable. Since defendant already had the names of the alleged additional treaters, no reasonable claim of prejudice to defendants can be made. Finally, the thrust of plaintiff's response was that

the vast majority of the entities listed by defendant were not in fact treating physicians and thus disclosure was not required.

We note that the court also dismissed the action as against defendant Klein, although Klein apparently never filed any discovery and never filed a motion for sanctions. The order of dismissal must be reversed as to Klein as well.

We recognize the responsibility of the trial court for the proper management of its caseload to insure timely, accurate, and fair dispositions, and we sympathize with the trial court's frustration with this case. However, the ultimate sanction of dismissal of the action is not warranted where defendant has not been prejudiced and a trial on the merits can be had.

For the foregoing reasons, the judgment of the circuit court dismissing the action with prejudice is reversed, and the cause is remanded with directions to the trial court to conduct a hearing and impose sanctions by awarding attorneys fees to defendants' attorneys for time spent by them in the trial court obtaining compliance with discovery rules and court orders.

Reversed and remanded with directions.

McLAREN and BOWMAN, JJ., concur.