**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230069-U

Order filed November 20, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| MICHAEL REDD, JR., | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-23-0069 |
| | ) | Circuit No. 20-L-787 |
| AAA REAL ESTATE, INC., an Illinois | ) | |
| corporation, | ) | The Honorable |
| | ) | John C. Anderson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Brennan and McDade concurred in the judgment.

_____

**ORDER**

¶ 1   *Held*:   The circuit court did not abuse its discretion in dismissing plaintiff's complaint as a discovery sanction where plaintiff failed to (1) produce requested documents for more than 14 months despite being ordered by the court to do so 9 times, and (2) pay court-ordered monetary sanctions to defendant's counsel for more than 4 months in contravention of 2 court orders.

¶ 2   In April 2020, plaintiff Michael Redd, Jr. purchased a home from defendant AAA Real Estate, Inc. In September 2020, plaintiff filed a complaint alleging that defendant failed to disclose various defects in the property to him. In May 2021, defendant filed a motion to compel plaintiff

to provide discovery after plaintiff missed several discovery deadlines. When plaintiff missed three more discovery deadlines, the court ordered plaintiff to pay defendant's attorney fees as a discovery sanction and imposed another discovery deadline. Two months after plaintiff's monetary sanctions and documents were due, defendant filed a motion to dismiss plaintiff's complaint as a discovery sanction. The trial court granted defendant's motion and dismissed plaintiff's case with prejudice. Plaintiff appeals, arguing that the trial court abused its discretion in dismissing his complaint with prejudice as a discovery sanction. We affirm.

¶ 3                                    BACKGROUND

¶ 4        On April 21, 2020, defendant sold residential real property located at 1920 N. Center St, Crest Hill to plaintiff for $135,000. On September 30, 2020, plaintiff filed a six-count complaint against defendant alleging breach of contract, common law fraud, consumer fraud, breach of implied warranty of good workmanship, breach of implied warranty of habitability, and fraudulent concealment. Plaintiff alleged that defendant failed to disclose to him certain defects in the property and sought $50,000 in damages for necessary repairs to the property and monthly rent he incurred to stay elsewhere because of the "unsafe and uninhabitable" condition of the property. Plaintiff attached to the complaint repair estimates for the property but did not attach any documents related to the monthly rent he was allegedly paying.

¶ 5        On January 15, 2021, defendant filed a motion to dismiss plaintiff's complaint. In March 2021, the circuit court denied defendant's motion. In May 2021, defendant filed an answer to the complaint and served plaintiff with discovery requests. On May 11, 2021, the circuit court ordered the parties to propound written discovery by June 8, 2021. On July 7, 2021, plaintiff appeared in court on a motion to discharge his counsel. The circuit court granted the motion, ordered plaintiff to file an appearance by August 31, 2021, individually or through new counsel, and ordered "[a]ll

parties/counsel" to appear at a status hearing on September 9, 2021. On August 6, 2021, plaintiff entered his personal appearance.

¶ 6        On September 9, 2021, plaintiff failed to appear personally or through counsel. As a result, the circuit court dismissed plaintiff's case for want of prosecution. Plaintiff immediately filed a motion to vacate the dismissal, and on September 16, 2021, the circuit court granted the motion and reinstated the case. The court ordered the parties to initiate written discovery by October 15, 2021, and complete written discovery by November 15, 2021, with "[n]o extensions." On November 2, 2021, plaintiff filed a motion for extension of time to issue discovery but asserted that he would answer the discovery propounded on him "by the Court's deadline of November 15, 2021." Thereafter, on November 10, 2021, plaintiff filed a motion to extend time to issue and answer discovery. The circuit court granted the motion, ordered plaintiff's new counsel to file an appearance within seven days, and granted the parties 45 days to complete written discovery. On November 12, 2021, plaintiff's new counsel filed his appearance.

¶ 7        On January 11, 2022, plaintiff provided discovery responses in which he stated that he "will also be producing mortgage statements, electric bill statements, gas statements, rental payments, etc." Plaintiff admitted in his affidavit of completeness that his production was "*not complete*" and asserted: "There are several documents are yet to be produced, including but not limited, such as my lease agreement and proof of payments for the rent, as well as proof of other payments. I will make those documents available within 7 days." On January 12, 2022, the parties appeared and advised the court that they could complete written discovery in seven days. As a result, the trial court entered an order requiring written discovery to be completed by January 19, 2022.

¶ 8        On May 6, 2022, defendant filed a motion to compel plaintiff to serve his supplemental discovery responses. According to the motion, plaintiff had not yet produced documents that were due on January 19, 2022. Specifically, defendant asserted that plaintiff failed to provide sales documents from the recent sale of the subject property, as well as revised damage calculations. On May 18, 2022, the circuit court entered an order giving plaintiff 14 days to file supplementary discovery answers. The order stated: "This is a final extension and no other extensions will be granted absent extenuating circumstances. Failure to comply with this order may result in discovery sanctions."

¶ 9        At the next scheduled hearing on June 9, 2022, plaintiff's counsel failed to appear, and the court ordered as follows:

> "All outstanding written discovery, including that supplemental discovery described in defendant's motion to compel regarding the sale of the subject property must be answered and produced within 21 days. No extensions will be granted absent extenuating circumstances. Failure by Plaintiff to comply with answering and producing the supplemental discovery may result in a discovery sanction."

The parties appeared in court again on July 21, 2022, and the circuit court ordered plaintiff to answer and produce all written discovery by July 25, 2022, including an affidavit of compliance. The court also gave counsel for defendant leave to file a petition for fees "due to discovery sanctions."

¶ 10        On August 3, 2022, defendant filed a petition for attorney fees seeking $1,754.40 in fees and costs from plaintiff. According to the motion, plaintiff still had not provided supplemental answers to discovery, including revised damage calculations, but did provide plaintiff with 11 new pages of records, including a statement related to a January 2022 sale of the subject property. At a

hearing on September 15, 2022, plaintiff agreed to the reasonableness of defendant's claimed fees, and the court ordered plaintiff to deliver the fees to defendant's counsel before November 3, 2022. The court also granted plaintiff five days to supplement his document production "to include the file expected to be received from his real estate attorney in connection with his sale of the property in question, and to serve sworn amended interrogatory answers as to damages claimed and damages calculations."

¶ 11       The parties met in court again on November 3, 2022. At that time, plaintiff had not yet paid defendant's counsel's fees nor provided any additional documents to defendant. The trial court entered an order granting plaintiff an additional 13 days to pay defendant's counsel and provide a supplemental sworn interrogatory answer with updated damages calculations. The order stated: "Failure to comply may result in harsh consequences." On November 16, 2022, the parties reported that plaintiff had provided defendant an amended interrogatory answer regarding damages and would supplement the request for production regarding damages in seven days. According to the court, a copy of the check for payment of defendant's attorney fees had been tendered and receipt of the check was expected in seven days.

¶ 12       On January 17, 2023, defendant filed a motion to dismiss plaintiff's complaint as a discovery sanction. According to the motion, plaintiff still had not provided defendant with the check for attorney fees or the supplemental documents regarding damages.

¶ 13       On January 24, 2023, the court held a hearing on defendant's motion to dismiss. At the hearing, plaintiff's counsel stated that he had the check for defendant's attorney fees "in my hand ready to be hand delivered." However, plaintiff's counsel reported that he had no supplemental documents because plaintiff was unable to locate a copy of the lease and proof of all his lease payments. Plaintiff's counsel stated: "I suppose I could subpoena those lease documents." The

circuit court entered an order granting defendant's motion to dismiss as a discovery sanction and ordered plaintiff to immediately deliver payment of the court-ordered sanctions to defendant's counsel.[1] Thereafter, plaintiff filed a motion to reopen the case, which the circuit court denied.

¶ 14                                              ANALYSIS

¶ 15        Plaintiff argues that the trial court abused its discretion by dismissing his complaint as a discovery sanction. He contends that the trial court should have imposed a less severe sanction.

¶ 16        Illinois Supreme Court Rule 219(c) authorizes the trial court to impose sanctions, including dismissal of an action with prejudice, for a party's unreasonable refusal to comply with discovery. Ill. S. Ct. R. 219(c)(v) (eff. July 1, 2002). "Imposing sanctions is a matter within the trial court's discretion, and its orders should not be disturbed absent an abuse of discretion." *Kmoch v. Klein*, 245 Ill. App. 3d 308, 312 (1993). An abuse of discretion occurs when the trial court's decision is unreasonable or arbitrary, or where no reasonable person would adopt the same view. *Inman v. Howe Freightways, Inc.*, 2019 IL App (1st) 172459, ¶ 121.

¶ 17        In determining whether a trial court abused its discretion in ordering dismissal of a complaint as a discovery sanction, the reviewing court should consider: (1) the surprise to the adverse party; (2) the prejudicial effect of the proffered evidence; (3) the nature of the evidence; (4) the diligence of the adverse party in seeking discovery; (5) the timeliness of the adverse party's objection to the evidence; (6) the good faith of the party offering the evidence; (7) the degree of the offending party's personal responsibility for the noncompliance; (8) the offending party's level of cooperation and compliance with previous discovery and sanction orders; (9) whether less coercive measures are available or would be futile; and (10) whether the party has been warned,

---

[1] It does not appear that plaintiff's counsel tendered to defendant's counsel the check he said he had in his hand at the hearing on the motion to dismiss. The trial court's written order entered after that hearing states in pertinent part: "Plaintiff is ordered to deliver the payment to Defendant's counsel immediately."

either orally or in writing, about a possible dismissal. *Locasto v. City of Chicago*, 2014 IL App (1st) 113576, ¶¶ 26, 35. "[N]o single factor controls and each situation presents a unique factual scenario that bears on the propriety of a particular sanction." *Id*. ¶ 26.

¶ 18        Dismissal under Rule 219(c) is a harsh sanction that should be imposed only when the conduct of the offending party shows deliberate disregard for discovery rules or orders. *Elders v. Sears Roebuck & Co.*, 82 Ill. App. 3d 995, 998 (1980). "Courts are reluctant to impose the sanction of dismissal for noncompliance with discovery rules and orders; however, such drastic action is not an abuse of discretion where the offending party shows a deliberate, contumacious, or unwarranted disregard for the court's authority." *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.*, 79 Ill. App. 3d 63, 67 (1979). "[W]hen a scheme of deliberate defiance of the rules of discovery and the court's authority or an attempt to stall significant discovery has been shown, dismissal is an appropriate sanction and should be unhesitatingly applied." *Illinois Environmental Protection Agency v. Celotex Corp.*, 168 Ill. App. 3d 592, 597 (1988).

¶ 19        Where the court has given the plaintiff numerous opportunities to comply with discovery requests but the plaintiff has failed to comply, dismissal of the plaintiff's complaint is "neither punitive nor too severe." *Bailey v. Twin City Barge and Towing*, 70 Ill. App. 3d 763, 766 (1979); see also *Antkiewicz v. Pax/Indianapolis, Inc.*, 254 Ill. App. 3d 723, 730 (1993) (dismissal appropriate where "after nine months of waiting and two court orders compelling completion, plaintiff had still not fully answered [defendant's] tendered interrogatories"); *Elders*, 82 Ill. App. 3d at 996-98 (dismissal appropriate based on "plaintiff's repeated, unexplained, apparently deliberate failures to comply with discovery over an extended period of time" (seven months)).

¶ 20        A trial court should not enter a dismissal order as the first sanction for a party's failure to comply with discovery. See *Donner v. Deere & Co.*, 255 Ill. App. 3d 837, 842 (1993); *Kmoch*,

245 Ill. App. 3d at 313. However, dismissal is appropriate when other enforcement powers at the court's disposal have failed to advance the litigation. *Senese v. Climatemp, Inc.*, 289 Ill. App. 3d 570, 584 (1997). A plaintiff's repeated failures to comply with discovery deadlines ordered by the court and pay court-ordered sanctions demonstrate "a deliberate and wilful disregard of the court's authority" that justifies dismissal of the plaintiff's complaint. See *Workman v. St. Therese Medical Center*, 266 Ill. App. 3d 286, 293-94 (1994).

¶ 21        Here, more than 14 months passed between the initial discovery deadline imposed by the court with "[n]o extensions" and the court's dismissal of plaintiff's complaint. During those 14 months, 9 discovery deadlines and 2 deadlines for payment of defendant's attorney fees came and went. Nevertheless, as of the date of the hearing on the motion to dismiss, plaintiff still had not paid defendant's counsel the fees owed nor provided defendant all relevant documents. Plaintiff's willful noncompliance with the court's orders over this lengthy period showed a deliberate disregard of the court's authority justifying the trial court's dismissal of plaintiff's complaint. See *id*.

¶ 22        A review of the relevant facts of this case establishes that the trial court did not abuse its discretion in dismissing plaintiff's complaint with prejudice. The documents plaintiff failed to produce were relevant and material, as they related to plaintiff's claim for damages. Plaintiff knew when he filed his complaint that the documents would need to be produced, yet he failed to provide them to defendant for more than two years after he filed his complaint. It was not until the hearing on the motion to dismiss that plaintiff's attorney explained that plaintiff could not find the documents and suggested that he "could subpoena" them, something counsel should have done months, if not years, earlier.

8

¶ 23     Dismissal of plaintiff's complaint was appropriate because plaintiff failed to comply with the less severe monetary sanction the court imposed for plaintiff's dilatory behavior. See *Senese*, 289 Ill. App. 3d at 584. It was only after plaintiff failed to pay the court-imposed sanctions for several months, in addition to failing to produce relevant documents for many more months, that the court found it necessary to dismiss plaintiff's complaint as a discovery sanction.

¶ 24     Finally, the court's dismissal of plaintiff's complaint should have come as no surprise to plaintiff because the court warned plaintiff at least four times that discovery sanctions could be imposed for failure to comply with discovery deadlines, and two months prior to the dismissal, the court cautioned plaintiff that "[f]ailure to comply could result in harsh consequences." Dismissal of a complaint is a harsh sanction. See *Elders*, 82 Ill. App. 3d at 998. However, it is appropriate where, as here, plaintiff failed to fully respond to discovery and pay court-ordered sanctions for many months. See *id.*; *Antkiewicz*, 254 Ill. App. 3d at 730; *Workman*, 266 Ill. App. 3d at 293-94. The trial court did not abuse its discretion in dismissing plaintiff's complaint with prejudice.

¶ 25                                    CONCLUSION

¶ 26     The judgment of the circuit court of Will County is affirmed.

¶ 27     Affirmed.